■ GEORGE LANDAVERDE et al., Appellants, v MADELEINE WROTH et al., Respondents. [688 NYS2d 577] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Nassau County (McCarty, J.), dated March 13, 1998, which denied their motion to compel disclosure and for leave to enter judgment against the defendants George E. Hutchinson, Jr., and George E. Hutchinson upon their default in appearing in the action, and (2), as limited by their brief, from so much of an order of the same court, dated May 28, 1998, which, upon renewal and reargument, granted the motion only to the extent of precluding the defendant Madeleine Wroth from offering at trial any documents which were not provided in response to discovery demands.

Ordered that the appeal from the order dated March 13, 1998, is dismissed, as that order was superseded by the order dated May 28, 1998, made upon renewal and reargument; and it is further,

Ordered that the order dated May 28, 1998, is modified by deleting the provision thereof which denied that branch of the motion which was for leave to enter judgment against the defendants George E. Hutchinson, Jr., and George E. Hutchinson upon their default in appearing in the action, and substituting therefor a provision granting that branch of the motion to the extent of granting the plaintiffs leave to enter an interlocutory judgment against those defendants on the issue of liability; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the appellants are awarded one bill of costs, payable by the defendants George E. Hutchinson, Jr., and George E. Hutchinson.

Having submitted proof of service of the summons and the complaint upon the defendants George E. Hutchinson, Jr., and George E. Hutchinson, as well as a copy of the verified complaint and an affirmation of the plaintiffs' attorney of the Hutchinson defendants' default in appearing, the plaintiffs were entitled to the entry of an interlocutory judgment against those defendants on the issue of liability (see, CPLR 3215 [f]; Thattil v Mondesir, 253 AD2d 809). In the event of a determination in the plaintiffs' favor on the issue of liability against the defendant Madeleine Wroth, the trial on the issue of damages against that defendant and the inquest on the issue of damages against the defendants George E. Hutchinson, Jr., and George E. Hutchinson should be conducted jointly.

We reject the plaintiffs' contention that they are entitled to the additional requested disclosure, and a further examination before trial of the defendant Madeleine Wroth. S. Miller, J. P., Sullivan, Friedmann and Luciano, JJ., concur.