■ KAREN LAMAR-ROBINSON et al., Plaintiffs, v NEW BIRTH, INC., et al., Defendants, GREENPOINT BANK, and Defendant Third-Party Plaintiff-Appellant. DEANA LAMAR, Third-Party Defendant-Respondent. [726 NYS2d 461] —In an action, *inter alia,* to set aside a deed, the defendant third-party plaintiff appeals from an order of the Supreme Court, Queens County (Schmidt, J.), dated January 23, 2001, which denied its motion for leave to enter judgment in its favor against the third-party defendant upon her failure to appear or answer in the third-party action, and for an inquest on damages at the time of the trial in the main action.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Queens County, for the entry of an interlocutory judgment in favor of the defendant third-party plaintiff and against the third-party defendant on the issue of liability, and for an inquest on damages at the time of the trial in the main action.

The third-party plaintiff supported its motion with proof of service of the third-party summons and complaint upon the third-party defendant, as well as a copy of the third-party complaint verified by one of its officers, and an affirmation of its attorney setting forth the third-party defendant's default in appearing or answering. Because its third-party complaint was verified by an officer with knowledge of the facts rather than by its attorney, the third-party plaintiff was entitled to entry of an interlocutory judgment against the third-party defendant

on the issue of liability (*see,* CPLR 3215 [f]; *Landaverde v Wroth,* 260 AD2d 448; *cf., Fiorino v Yung Poon Yung,* 281 AD2d 513).

Since the third-party plaintiff will suffer an injury only if the plaintiffs prevail in setting aside the deed, an inquest on the issue of damages and other relief against the third-party defendant shall await the trial of the main action (*see, Landaverde v Wroth, supra,* 260 AD2d at 449). O'Brien, J. P., Krausman, Goldstein, Schmidt and Crane, JJ., concur.