■ CHRISTINE WIDGREN, Respondent, v 313 EAST 9TH ASSOCIATES, LTD., Appellant. [742 NYS2d 837] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered on or about May 12, 2000, which, in an action for personal injuries sustained when plaintiff fell on defendant's premises, denied defendant's motion to vacate the default judgment entered against it, unanimously affirmed, without costs.

Insofar as the motion was brought pursuant to CPLR 5015, it was properly denied for failure to show a reasonable excuse for the default. Assuming that defendant never received the process that plaintiff served on the Secretary of State, such "excuse would not suffice since defendant[ ] had the obligation to keep the Secretary of State advised of [its] current and correct address," and "[t]he failure of a corporate defendant to receive service of process due to breach of the obligation to keep a current address on file with the Secretary of State (*see*, Business Corporation Law § 306) does not constitute a reasonable excuse" (*Crespo v A.D.A. Mgt.*, 292 AD2d 5, 9-10, citing *Lawrence v Esplanade Gardens*, 213 AD2d 216). Moreover, defendant's conclusory assertions that it would probably have been able to raise various issues of contributory negligence and that there was nothing about the stairs on which plaintiff fell that could have contributed to the fall do not suffice to show a meritorious defense (*see*, *Zapater v 2540 Assoc.*, 250 AD2d 508). Thus, insofar as the motion was brought pursuant to CPLR 317, it too was properly denied. Concur—Tom, J.P., Andrias, Saxe, Ellerin and Wallach, JJ.