■ VIRGINIA CRESPO, Respondent, v KYNDA CAB CORP. et al., Appellants, et al., Defendants. [749 NYS2d 723] —Order, Supreme Court, New York County (Milton Tingling, J.), entered January 17, 2002, which, in an action for personal injuries sustained when the cab in which plaintiff was a passenger rear-ended a cab operated by defendant-appellant driver and owned by defendant-appellant corporation, denied appellants' motion to vacate a default judgment entered against them, unanimously affirmed, without costs.

Appellants fail to show a reasonable excuse for their defaults, and thus their motion was properly denied regardless of whether they have a meritorious defense (*see Crespo v A.D.A. Mgt.*, 292 AD2d 5, 10). It does not avail the driver simply to deny ever having received the summons and complaint without addressing the information contained in the affidavit of service pertaining to his mailing address and the person of suitable age and discretion to whom the summons and complaint were delivered. While the driver does state that he first learned of the action when advised thereof by his insurer in June 2000, some 10 months after he was allegedly served, he does not explain why he did not then move for an extension of time to answer (CPLR 2004), or take other steps in defense of the action until June 2001, when he made the instant motion to vacate the default judgment some three months after it was entered. As for the owner, its bare denial of receipt of the summons and complaint does not address the additional mail service of the summons and complaint that plaintiff made in January 2001 pursuant to CPLR 3215 (g) (4), and otherwise does not avail to show a reasonable excuse when the service made on the Secretary of State was concededly proper (*see Associated Imports v Amiel Publ.*, 168 AD2d 354, *lv dismissed* 77 NY2d 873). While appellants' motion did not invoke CPLR 317, we note that their papers in support do not contain sufficient detail to permit a finding that they "did not personally receive notice of the summons in time to defend." Concur—Mazzarelli, J.P., Rosenberger, Rubin and Gonzalez, JJ.