■ KPG INC., Formerly Known as KURLAND PASSARETTI GROUP, Respondent, v SALINAS GROUP LIMITED et al., Defendants, and 120 BROADWAY PROPERTIES, LLC, et al., Appellants. [783 NYS2d 543]—

Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered June 24, 2003, which, to the extent appealed from, inter alia, granted plaintiff's motion for a default judgment as to liability as against defendants 120 Broadway Properties, LLC and 120 Broadway, LLC (collectively 120 Broadway), unanimously affirmed, with costs.

While plaintiff's initial papers in support of its default motion were insufficient because they did not include evidentiary proof

predicated upon personal knowledge to support plaintiff's claims, premised on Lien Law § 70, an affidavit subsequently supplied by plaintiff rectified the deficiency. In view of the failure of 120 Broadway to provide a reasonable excuse for not responding to plaintiff's pleadings, which were served both upon the Secretary of State (*see* Business Corporation Law § 306) and personally upon the corporate defendants at their place of business and/or at the address of their designated agents for service (*see* CPLR 3215 [g] [4]), the default finding against 120 Broadway was warranted. The bare denial by 120 Broadway of its receipt of plaintiff's summons and complaint did not constitute a reasonable excuse for defendants' failure to timely answer the pleading (*see* *Crespo v Kynda Cab Corp.*, 299 AD2d 295 [2002]). We note in this connection that the corporate defendants, although obligated to keep the Secretary of State apprised of their current corporate address (*see* *Widgren v 313 E. 9th Assoc.*, 295 AD2d 146 [2002]), did not do so. Concur—Nardelli, J.P., Saxe, Sullivan and Sweeny, JJ.