■ New York Hospital Medical Center of Queens, as Assignee of David McNeal, et al., Appellants, v Clarendon National Insurance Company, Respondent. [786 NYS2d 352]—In an action to recover no-fault benefits, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Davis, J.), dated February 10, 2004, as granted the defendant's motion to vacate a judgment of the same court entered July 11, 2003, upon its failure to appear or answer the complaint.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, the motion is denied, and the judgment is reinstated.

It is well settled that a defendant seeking to vacate a default in appearing or answering a complaint must demonstrate both a reasonable excuse for the default and the existence of a meritorious defense (see CPLR 5015 [a] [1]; *Glibbery v Cosenza & Assoc.,* 4 AD3d 393 [2004]; *Kaplinsky v Mazor,* 307 AD2d 916 [2003]). The Supreme Court improvidently exercised its discretion in granting the defendant's motion to vacate the default judgment since the defendant failed to demonstrate a reasonable excuse for its default. Ritter, J.P., H. Miller, Schmidt, Crane and Skelos, JJ., concur.