■ Town House St., LLC, Respondent, v New Fellowship Full Gospel Baptist Church, Inc., Appellant, et al., Defendants. [815 NYS2d 281]—

In an action, inter alia, for the partition and sale of real property, the defendant New Fellowship Full Gospel Baptist Church appeals from an order of the Supreme Court, Queens County (Polizzi, J.), dated February 16, 2005, which denied its motion to vacate an interlocutory judgment of partition and sale of the same court, dated September 15, 2004, entered upon its default in answering or appearing, to vacate that default, and for leave to interpose an answer.

Ordered that the order is affirmed, with costs.

To vacate the interlocutory judgment based on excusable default, the appellant was required to present a reasonable excuse for its failure to answer or appear in this action and a meritorious defense (*see* CPLR 5015 [a] [1]; *DiBella v Pennino,*

17 AD3d 625, 626 [2005]; *Cohen v Houseconnect Realty Corp.*, 16 AD3d 539 [2005]; *New York Hosp. Med. Ctr. of Queens v Clarendon Natl. Ins. Co.*, 13 AD3d 596 [2004]). The appellant's unsubstantiated denial of receipt of service of process did not amount to a reasonable excuse for its default. An unsubstantiated excuse of nonreceipt is insufficient to rebut the presumption of proper service created by an affidavit of service (*see General Motors Acceptance Corp. v Grade A Auto Body, Inc.*, 21 AD3d 447 [2005]; *96 Pierrepont v Mauro*, 304 AD2d 631 [2003]; *Truscello v Olympia Constr.*, 294 AD2d 350, 351 [2002]). The appellant did not adequately rebut the presumption that it received notice of the suit pursuant to CPLR 3215 (g) in February of 2004 in the regular course of the mail (*see generally Crespo v Kynda Cab Corp.*, 299 AD2d 295 [2002]). If the appellant failed to actually receive a copy of the summons and complaint from the Secretary of State due to a change of address, it was due to its own fault as it failed to keep the Secretary of State advised its current address for the forwarding of process (*see KPG Inc. v Salinas Group Ltd.*, 11 AD3d 338, 339 [2004]). Accordingly, the Supreme Court providently exercised its discretion in denying the appellant's motion to vacate the interlocutory judgment. Miller, J.P., Ritter, Luciano, Spolzino and Dillon, JJ., concur.