■ CLOVER M. BARRETT, P.C., Appellant, v GLORIA GORDON, Respondent. [936 NYS2d 217]—

The defendant's motion, in effect, to vacate an order which granted the plaintiff's motion for leave to enter a default judgment against her was made pursuant to both CPLR 5015 and 317. A defendant seeking to vacate a default pursuant to CPLR 5015 (a) (1) must demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the action (*see Lane v Smith*, 84 AD3d 746, 747 [2011]; *Town House St., LLC v New Fellowship Full Gospel Baptist Church, Inc.*, 29 AD3d 893, 894 [2006]). Here, the defendant's "unsubstantiated denial of receipt of service of process did not amount to a reasonable excuse for [her] default. An unsubstantiated excuse of nonreceipt is insufficient to rebut the presumption of proper service created by an affidavit of service" (*Town House St., LLC v New Fellowship Full Gospel Baptist Church, Inc.*, 29 AD3d at 894; *see KPG Inc. v Salinas Group Ltd.*, 11 AD3d 338, 339 [2004]).

While, under CPLR 317, it was unnecessary for the defendant to offer a reasonable excuse for her default (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]), she failed to demonstrate that she did not personally receive notice of the summons in time to defend the action (*id.* at 143; *see Fleisher v Kaba*, 78 AD3d 1118, 1119 [2010]). The plaintiff's evidence demonstrating that multiple copies of process were mailed to the defendant at her correct residential address created a presumption of proper mailing and of receipt, and the de-

fendant's mere denial of receipt, without more, was insufficient to rebut that presumption (*see C&H Import & Export, Inc. v MNA Global, Inc.*, 79 AD3d 784, 786 [2010]; *Deutsche Bank Natl. Trust Co. v Matos*, 77 AD3d 606, 607 [2010]; *Truscello v Olympia Constr.*, 294 AD2d 350, 351 [2002]).

Accordingly, the Supreme Court erred in granting the defendant's motion, in effect, to vacate the order dated November 9, 2009. Rivera, J.P., Florio, Balkin and Belen, JJ., concur.

---

Motion by the appellant on an appeal from an order of the Supreme Court, Kings County, dated November 12, 2010, inter alia, to impose a sanction upon the respondent and to strike the respondent's brief on the grounds that it contains or refers to matter dehors the record and improperly raises arguments for the first time on appeal. By decision and order on motion of this Court dated September 19, 2011, those branches of the motion were held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which was to impose a sanction is denied; and it is further,

Ordered that the branch of the motion which was to strike the respondent's brief is granted to the extent that the following material is stricken from the respondent's brief and has not been considered in the determination of the appeal, and the motion is otherwise denied:

(1) on page 3, the sentence beginning with the words "Ms. Gordon was embarrassed" and ending with the words "new attorney," the words "multi-dwelling residential property," and the sentence beginning with the words "The Affidavits" and ending with the word "household";

(2) on page 4, the sentence beginning with the words "No Affidavit" and ending with the word "Complaint"; and the sentence beginning with the words "Ms. Gordon filed her answer" and ending with the word "order";

(3) on page 5, the sentence beginning with the words "It is worth noting" and ending with the word "Answer";

(4) on page 6, the sentence beginning with the word "Therefore" and ending with the word "lawsuit," and the text beginning with the words "At the preliminary conference," through the words "also defective" on page 7;

(5) on page 7, the sentence beginning with the words "At the Conference" and ending with the words "imputed to Gloria Gordon";

(6) on page 8, the text beginning with the words "The Court found" and ending with the words "among other things," and the text beginning with the words "The Court's ruling" and ending with the word "instance";

(7) on page 15, the text beginning with the words "The Court's ruling" and ending with the words "should not be disturbed" on page 17; and

(8) on page 21, the text beginning with the words "It is clear" and ending with the words "committed by Plaintiff-Appellant." Rivera, J.P., Florio, Balkin and Belen, JJ., concur.