■ DAVID WASSERTHEIL, Appellant, v ELBURG, LLC, Defendant, and ENCORE DEVELOPMENT, INC., Respondent. [941 NYS2d 679]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Spodek, J.), dated August 23, 2010, as denied his motion pursuant to CPLR 3215 for leave to enter a judgment on the issue of liability against the defendant Encore Development, Inc., upon that defendant's default in appearing and answering the complaint, and granted that defendant leave to serve and file a late answer.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, the plaintiff's motion pursuant to CPLR 3215 for leave to enter a judgment on the issue of liability against the defendant Encore Development, Inc., upon that defendant's default in appearing and answering the complaint, is granted, and the matter is remitted to the Supreme Court, Kings County, for an inquest on the issue of damages.

The Supreme Court improvidently exercised its discretion in denying the plaintiff's motion for leave to enter a judgment on the issue of liability against the defendant Encore Development, Inc. (hereinafter Encore), upon that defendant's default in appearing and answering the complaint.

In support of his motion, the plaintiff submitted proof of service of the summons and the complaint, the facts constituting the claim, and the default (*see* CPLR 3215 [f]; *C&H Import & Export, Inc. v MNA Global, Inc.*, 79 AD3d 784 [2010]; *Landaverde v Wroth*, 260 AD2d 448 [1999]).

To successfully oppose a motion for leave to enter a default judgment based on the failure to appear or timely serve an answer, a defendant must demonstrate a reasonable excuse for its delay and the existence of a potentially meritorious defense (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *2261 Palmer Ave. Corp. v Malick*, 91 AD3d 853 [2012]; *Kouzios v Dery*, 57 AD3d 949 [2008]; *Baldwin v Mateogarcia*, 57 AD3d 594 [2008]). Here, the mere denial by Encore's shareholder of service of the summons and the complaint was insufficient to rebut the presumption of proper service on the Secretary of State raised by the affidavit of service (*see* Business Corporation Law § 306 [b] [1]; *Matter of Rockland Bakery, Inc. v B.M. Baking Co., Inc.*, 83 AD3d 1080,

1081-1082 [2011]; *Thas v Dayrich Trading, Inc.*, 78 AD3d 1163, 1164 [2010]; *May v Hartsdale Manor Owners Corp.*, 73 AD3d 713 [2010]).

Similarly, Encore was not entitled to relief under CPLR 317. Pursuant to CPLR 317, when, as here, process is served upon a party by some method other than personal delivery, such party need not show a reasonable excuse for the delay (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d at 141-142), and "may be allowed to defend the action" by seeking to vacate a default judgment within one year after learning of the judgment upon demonstrating a potentially meritorious defense (CPLR 317; *see Matter of Rockland Bakery, Inc. v B.M. Baking Co., Inc.*, 83 AD3d at 1081). However, to support a determination granting relief under CPLR 317, a party must still demonstrate, and the Court must find, that the party "did not receive actual notice of the summons and complaint in time to defend the action" (*393 Lefferts Partners, LLC v New York Ave. at Lefferts, LLC*, 68 AD3d 976, 977 [2009]; *see* CPLR 317; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d at 142; *Clover M. Barrett, P.C. v Gordon*, 90 AD3d 973 [2011]; *Marinoff v Natty Realty Corp.*, 17 AD3d 412, 413 [2005]). The mere denial of receipt of the summons and complaint is also insufficient "to establish lack of actual notice for the purpose of CPLR 317" (*Matter of Rockland Bakery, Inc. v B.M. Baking Co., Inc.*, 83 AD3d at 1081-1082; *see Levine v Forgotson's Cent. Auto & Elec., Inc.*, 41 AD3d 552 [2007]).

Accordingly, it was an improvident exercise of discretion to excuse the default of Encore, and to grant Encore leave to serve and file a late answer, especially in the absence of a cross motion for such relief (*see* CPLR 2215; *May v Hartsdale Manor Owners Corp.*, 73 AD3d 713 [2010]; *Hosten v Oladapo*, 44 AD3d 1006 [2007]; *Giovanelli v Rivera*, 23 AD3d 616, 616 [2005]; *Zino v Joab Taxi, Inc.*, 20 AD3d 521, 522 [2005]). Rivera, J.P., Leventhal, Roman and Cohen, JJ., concur.