■ CAPITAL SOURCE, Respondent, v AKO MEDICAL, P.C., Appellant, et al., Defendant. [973 NYS2d 794]—

In an action, inter alia, to recover on a promissory note, the defendant AKO Medical, P.C., appeals from an order of the Supreme Court, Kings County (Vaughan, J.), entered May 18, 2012, which denied its motion to vacate, inter alia, a judgment of the same court entered January 11, 2011, upon its default in appearing or answering.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the motion of the defendant AKO Medical, P.C. (hereinafter AKO), which sought to vacate a judgment of the same court entered January 11, 2011, upon its default in appearing or answering the complaint, and to vacate the UCC-1 financing statement subsequently filed by the plaintiff memorializing a lien upon AKO's accounts receivable.

A defendant seeking to vacate a default judgment pursuant to CPLR 5015 (a) (1) must demonstrate a reasonable excuse for the default and a potentially meritorious defense (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]; Wells Fargo Bank v Malave, 107 AD3d 880, 881 [2013]; CEO Bus. Brokers, Inc. v Alqabili, 105 AD3d 989, 990 [2013]). In the instant matter, jurisdiction was obtained over AKO by personal delivery of copies of the summons and complaint to the Secretary of State. AKO failed to establish a reasonable excuse for its default, as the mere denial by AKO's president and sole shareholder of receipt of a copy of the summons and complaint "was insufficient to rebut the presumption of proper service on the Secretary of State raised by the affidavit of service" (Wassertheil v Elburg, LLC, 94 AD3d 753, 753 [2012]; see Hidalgo v Cruiser Taxi Corp., 101 AD3d 950 [2012]; Matter of Rockland Bakery, Inc. v B.M. Baking Co., Inc., 83 AD3d 1080 [2011]). Since AKO failed to demonstrate a reasonable excuse for its default, it is unnecessary to determine whether it demonstrated the existence of a potentially meritorious defense (see Deutsche Bank Natl. Trust Co. v Pietranico, 102 AD3d 724 [2013]; Tribeca Lending Corp. v Correa, 92 AD3d 770 [2012]; Deutsche Bank Natl. Trust Co. v Rudman, 80 AD3d 651 [2011]).

Similarly, to the extent that AKO sought relief under CPLR 317, it was not entitled to such relief. "[T]o support a determination granting relief under CPLR 317, a party must still demonstrate, and the Court must find, that the party 'did not receive actual notice of the summons and complaint in time to defend the action' " (*Wassertheil v Elburg, LLC*, 94 AD3d at 754, quoting *393 Lefferts Partners, LLC v New York Ave. at Lefferts, LLC*, 68 AD3d 976, 977 [2009]; *see* CPLR 317). The mere denial of receipt of the summons and complaint is insufficient "to establish lack of actual notice for the purpose of CPLR 317" (*Matter of Rockland Bakery, Inc. v B.M. Baking Co., Inc.*, 83 AD3d at 1081-1082; *see Wassertheil v Elburg, LLC*, 94 AD3d at 754).

The parties' remaining contentions either are without merit or need not be addressed in light of our determination.

Accordingly, AKO's motion to vacate the judgment and the UCC-1 financing statement was properly denied. Dillon, J.P., Dickerson, Cohen and Hinds-Radix, JJ., concur.