■ SERVPRO INDUSTRIES, INC., Respondent, v MARIA ANGHEL, M.D., Appellant. [993 NYS2d 724]—

In an action to recover damages for breach of contract and on an account stated, the defendant appeals from an order of the Supreme Court, Nassau County (Feinman, J.), entered December 3, 2012, which denied her motion pursuant to CPLR 5015 (a) to vacate a judgment of the same court entered September 19, 2011, upon her failure to appear or answer.

Ordered that the order is affirmed, without costs or disbursements.

When a defendant seeking to vacate a default judgment raises both a jurisdictional objection pursuant to CPLR 5015 (a) (4) and alternatively seeks a discretionary vacatur pursuant to CPLR 5015 (a) (1), the court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 5015 (a) (1) (*see Canelas v Flores*, 112 AD3d 871 [2013]; *Emigrant Mtge. Co., Inc. v Westervelt*, 105 AD3d 896, 897 [2013]; *Roberts v Anka*, 45 AD3d 752, 753 [2007]). Here, the affidavit of the

plaintiff's process server constituted prima facie evidence of proper service pursuant to CPLR 308 (4) (*see Wachovia Bank, N.A. v Carcano*, 106 AD3d 726 [2013]; *Bank of N.Y. Mellon v Scura*, 102 AD3d 714, 715 [2013]; *Parker v Top Homes, Inc.*, 58 AD3d 817 [2009]). In her affidavit in support of her motion, the defendant did not deny that she was served with process and did not swear to specific facts to rebut the statements in the process server's affidavit (*see Wachovia Bank, N.A. v Carcano*, 106 AD3d 726 [2013]; *Emigrant Mtge. Co., Inc. v Westervelt*, 105 AD3d at 897; *Bank of N.Y. Mellon v Scura*, 102 AD3d at 715). The defendant's affidavit was insufficient to rebut the presumption of proper service, and a hearing on the issue of service was not required (*see Deutsche Bank Natl. Trust Co. v White*, 110 AD3d 759 [2013]; *Citimortgage, Inc. v Bustamante*, 107 AD3d 752 [2013]; *US Natl. Bank Assn. v Melton*, 90 AD3d 742, 743 [2011]).

Furthermore, the defendant was not entitled to relief pursuant to CPLR 5015 (a) (1), as she failed to set forth any reasonable excuse for her default, since the only excuse proffered was that she had no recollection of being served with process (*see Deutsche Bank Natl. Trust Co. v White*, 110 AD3d at 760; *Deutsche Bank Natl. Trust Co. v Pietranico*, 102 AD3d 724 [2013]; *Reich v Redley*, 96 AD3d 1038 [2012]). In the absence of a reasonable excuse, it is unnecessary to determine whether the defendant demonstrated the existence of a potentially meritorious defense (*see Deutsche Bank Natl. Trust Co. v White*, 110 AD3d at 760; *Wells Fargo Bank v Malave*, 107 AD3d 880 [2013]; *Wells Fargo Bank, N.A. v Cervini*, 84 AD3d 789, 790 [2011]).

Accordingly, the defendant's motion to vacate the default judgment was properly denied. Mastro, J.P., Chambers, Cohen and Barros, JJ., concur.