■ WACHOVIA MORTGAGE CORPORATION, Respondent, v THERESE TOUSSAINT, Appellant, et al., Defendant. [43 NYS3d 373]—

In an action to foreclose a mortgage, the defendant Therese Toussaint appeals from so much of a judgment of the Supreme Court, Nassau County (Adams, J.), entered September 3, 2014, as, upon an order of the same court dated August 22, 2014, granting the plaintiff's motion for summary judgment on the complaint and denying her cross motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, confirmed a referee's report of the amount due and awarded the plaintiff the principal sum of $549,830.84. The notice of appeal from the order dated August 22, 2014, is deemed to be a notice of appeal from the judgment (*see* CPLR 5512 [a]).

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In June 2006, the defendant Therese Toussaint (hereinafter the appellant) executed a note that was secured by a mortgage on real property. This action was commenced in July 2008 to foreclose the mortgage after the appellant allegedly defaulted on her payment obligations under the note and the mortgage. After a referee computed the amount due under the note and the mortgage, the plaintiff moved for summary judgment on the complaint. The appellant cross-moved pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. By order dated August 22, 2014, the Supreme Court granted the plaintiff's motion and denied the appellant's cross motion. On September 3, 2014, a judgment was entered upon the order confirming the referee's report and awarding the plaintiff the principal sum of $549,830.84.

"A process server's [sworn] affidavit of service ordinarily constitutes prima facie evidence of proper service" (*Deutsche Bank Natl. Trust Co. v Pestano*, 71 AD3d 1074, 1074 [2010]; *see FV-1, Inc. v Reid*, 138 AD3d 922, 923 [2016]; *Central Mtge. Co. v Ward*, 127 AD3d 803, 803 [2015]; *Mortgage Elec. Registration Sys., Inc. v Losco*, 125 AD3d 733, 733 [2015]). Bare and unsubstantiated denials are insufficient to rebut the presumption of proper service (*see Wachovia Bank, N.A. v Greenberg*, 138 AD3d 984, 985 [2016]; *Wells Fargo Bank, N.A. v Christie*, 83 AD3d 824, 825 [2011]). However, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the affidavit of service and necessitates a hearing (*see Wachovia Bank, N.A. v Greenberg*, 138 AD3d at 985; *FV-1, Inc. v Reid*, 138 AD3d at 924).

Here, the affidavit of service of the plaintiff's process server constituted prima facie evidence of proper service pursuant to CPLR 308 (1) (*see Servpro Indus., Inc. v Anghel*, 121 AD3d 665, 665 [2014]; *Bank of N.Y. Mellon v Scura*, 102 AD3d 714, 715 [2013]). Contrary to the appellant's contention, she failed to rebut this presumption of proper service, since she did not, in her affidavit submitted in support of her cross motion, swear to specific facts to rebut the statements in the process server's affidavit (*see Wachovia Bank, N.A. v Carcano*, 106 AD3d 726 [2013]; *Bank of N.Y. Mellon v Scura*, 102 AD3d at 715; *Scarano v Scarano*, 63 AD3d 716, 716 [2009]; *Simonds v Grobman*, 277 AD2d 369, 370 [2000]).

The appellant's remaining contentions either need not be reached in light of our determination or are improperly raised for the first time on appeal.

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the complaint and properly denied the appellant's cross motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. Rivera, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.