Donna Schneider, Appellant,
against
Midtown Moving & Storage, Inc., Respondent.




Donna Schneider, appellant pro se.
Agulnick & Gogel, LLC (William A. Gogel of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Noach Dear, J.), entered December 15, 2014. The order granted defendant's motion to open its default in appearing or answering the complaint.




ORDERED that the order is reversed, without costs, defendant's motion to open its default in appearing or answering the complaint is denied and the matter is remitted to the Civil Court for an inquest.
In this action to recover damages for failure to return property and loss of use of property, defendant failed to appear or answer the complaint, and an inquest was scheduled. In support of a motion to open defendant's default, defendant's general manager and its attorney as agent to receive process both denied receipt of the summons and complaint. It was undisputed that plaintiff had served defendant, a corporation, by serving the New York Secretary of State. By order entered December 15, 2014, the Civil Court granted defendant's motion, and this appeal ensued.
Contrary to defendant's contention, the notice of appeal was timely filed since the service upon plaintiff of the order with "notice of entry" was defective in that it preceded the date that the order was entered. In any event, 35 days had not elapsed from the date of service of the order and notice (see CPLR 2103 [b] [2]; [c]; 5513 [a]).
"Service of process on a corporate defendant by serving the summons and complaint on the Secretary of State pursuant to Business Corporation Law § 306 is valid service" (Shimel v 5 S. Fulton Ave. Corp., 11 AD3d 527, 527 [2004]), and such service is complete upon delivery of process to the Secretary of State (see Business Corporation Law § 306 [b] [1]; Flick v Stewart-Warner Corp., 76 NY2d 50, 57 [1990]). Where a party does not receive a copy of the summons and complaint, following service upon the Secretary of State, a bare denial of receipt of plaintiff's summons and complaint does not constitute a reasonable excuse for defaulting (see Town House St., LLC v New Fellowship Full Gospel Baptist Church, Inc., 29 AD3d 893 [2006]; [*2]KPG Inc. v Salinas Group Ltd., 11 AD3d 338, 339 [2004]).
In its moving papers, defendant merely denied receipt of the summons and complaint without any elaboration. Thus, defendant did not adequately rebut the presumption of proper service. Consequently, defendant failed to demonstrate a reasonable excuse for its default. We note that if, as plaintiff suggests, "the [defendant] failed to actually receive a copy of the summons and complaint from the Secretary of State due to a change of address, it was due to its own fault as it failed to keep the Secretary of State advised [of] its current address for the forwarding of process" (Sussman v Jo-Sta Realty Corp., 99 AD3d 787, 788 [2012] [internal quotation marks and citations omitted]; see also Ultimate One Distrib. Corp. v 2900 Stillwell Ave., LLC, 140 AD3d 1054 [2016]).
While defendant did not cite to CPLR 317 in support of its motion, under the circumstances of this case, the motion may be treated as also having been made pursuant thereto. Nevertheless, a defendant must still demonstrate that it "did not receive actual notice of the summons and complaint in time to defend the action. The mere denial of receipt of the summons and complaint is insufficient to establish lack of actual notice for the purpose of CPLR 317" (Wassertheil v Elburg, LLC, 94 AD3d 753, 754 [2012] [internal quotation marks and citations omitted]; see Sussman v Jo-Sta Realty Corp., 99 AD3d at 788; Goldfarb v Zhukov, 145 AD3d 757, 758 [2016]). Consequently, it is not necessary to determine whether defendant demonstrated the existence of a potentially meritorious defense for purposes of either CPLR 5015 (a) (1) or CPLR 317.
Accordingly, the order is reversed, defendant's motion to open its default in appearing or answering the complaint is denied and the matter is remitted to the Civil Court for an inquest.
PESCE, P.J., ALIOTTA and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 23, 2018