KMT Enterprise, Inc., Respondent,
against
Abayomi T. Elesho, Appellant.




Abayomi T. Elesho, appellant pro se.
Kirschenbaum & Phillips, P.C., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Adam Silvera, J.), entered October 19, 2016. The order denied defendant's motion to vacate a default judgment of that court entered June 8, 2012 upon defendant's failure to appeal or answer the complaint.




ORDERED that the order is affirmed, without costs. 
Plaintiff commenced this action to recover the principal sum of $7,444 based on defendant's alleged default in his obligation to pay a balance due under a credit card agreement. After defendant failed to appear or submit an answer, a default judgment was entered against defendant on June 8, 2012, awarding plaintiff the principal sum of $7,444. In May 2016, defendant moved to vacate the default judgment, alleging, among other things, that he had never been served with the summons and complaint and that he had a meritorious defense. The Civil Court denied defendant's motion.
To the extent that defendant moved to vacate the default judgment pursuant to CPLR 5015 (a) (4) for lack of personal jurisdiction due to an alleged failure to serve process, it is well established that a process server's affidavit of service constitutes prima facie evidence of proper service, and, in order to rebut this showing and raise an issue of fact necessitating a traverse hearing, the party disputing service is required to submit a sworn, nonconclusory and factually specific denial of service (see Deutsche Bank Natl. Trust Co. v Quinones, 114 AD3d 719, 719 [*2][2014]; U.S. Bank, N.A. v Arias, 85 AD3d 1014, 1015 [2011]; Daimler Trust v Ferro, 58 Misc 3d 152[A], 2018 NY Slip Op 50116[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]). Here, plaintiff made a prima facie showing of proper service by submitting an affidavit of service from a process server, which affidavit alleged that the summons and complaint had been left with a person of suitable age and discretion at defendant's residence and that another copy had been mailed to defendant's last known residence (see CPLR 308 [2]; Nationstar Mtge., LLC v Kamil, 155 AD3d 966, 967 [2017]; LaSalle Bank N.A. v Calle, 153 AD3d 801, 802 [2017]; Daimler Trust v Ferro, 58 Misc 3d 152[A], 2018 NY Slip Op 50116[U]). Defendant's conclusory denial of service in his moving papers was insufficient to rebut the prima facie evidence of proper service set forth in the process server's affidavit of service (see Wachovia Mtge. Corp. v Toussaint, 144 AD3d 1132, 1133 [2016]; HSBC Bank USA, N.A. v Miller, 121 AD3d 1044, 1045 [2014]). Consequently, defendant failed to establish a basis to vacate the default judgment on the ground of lack of personal jurisdiction. 
To the extent that defendant's motion may be treated as also having been made to vacate the default judgment based on excusable default pursuant to CPLR 5015 (a) (1), defendant's conclusory and unsubstantiated denial of service of the summons and complaint did not constitute a reasonable excuse for his default (see HSBC Bank USA, N.A. v Powell, 148 AD3d 1123, 1124 [2017]; Town House St., LLC v New Fellowship Full Gospel Baptist Church, Inc., 29 AD3d 893, 894 [2006]). Nor was defendant entitled to relief pursuant to CPLR 317, as defendant failed to demonstrate that he "did not receive actual notice of the summons and complaint in time to defend the action" (Wassertheil v Elburg, LLC, 94 AD3d 753, 754 [2012] [internal quotation marks and citation omitted]; see CPLR 317; Clover M. Barrett, P.C. v Gordon, 90 AD3d 973, 973 [2011]). Defendant's mere denial of receipt of the summons and complaint is insufficient to establish lack of actual notice of the action for the purpose of CPLR 317 (see Ultimate One Distrib. Corp. v 2900 Stillwell Ave., LLC, 140 AD3d 1054, 1055 [2016]; Wassertheil v Elburg, LLC, 94 AD3d at 754; Clover M. Barrett, P.C. v Gordon, 90 AD3d at 974). Furthermore, defendant failed to set forth a meritorious defense for purposes of relief under both CPLR 5015 (a) (1) and CPLR 317. Therefore, defendant's motion to vacate the default judgment was properly denied.
Accordingly, the order is affirmed. 
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 22, 2018