Bank of America, N.A., Respondent,
against
Yvonne Johnson, Appellant. 




Yvonne Johnson, appellant pro se.
Mullooly, Jeffrey, Rooney & Flynn, LLP (Kerri S. Flynn of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Lizette Colon, J.), entered May 14, 2018. The order denied defendant's motion to vacate a judgment of that court entered April 16, 2018 upon defendant's failure to appear or answer the complaint.




ORDERED that the order is affirmed, without costs.
Plaintiff commenced this action to recover the principal sum of $23,901.51 for breach of a credit card agreement and upon an account stated. The affidavit of service of process states that service was effectuated pursuant to CPLR 308 (2). Defendant failed to appear or answer the complaint, and, on April 16, 2018, a default judgment was entered against defendant in the principal sum of $23,901.51. Defendant's subsequent motion to vacate the default judgment was denied by the Civil Court in an order entered May 14, 2018.
To the extent that defendant asserted a lack of personal jurisdiction as a ground for vacating the default judgment (see CPLR 5015 [a] [4]), it is well established that a process server's affidavit of service constitutes prima facie evidence of proper service, and, in order to rebut this showing and raise an issue of fact necessitating a traverse hearing, the party disputing service is required to submit a sworn, nonconclusory and factually specific denial of service (see [*2]Deutsche Bank Natl. Trust Co. v Quinones, 114 AD3d 719, 719 [2014]; U.S. Bank, N.A. v Arias, 85 AD3d 1014, 1015 [2011]; Daimler Trust v Ferro, 58 Misc 3d 152[A], 2018 NY Slip Op 50116[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]). Here, plaintiff made a prima facie showing of proper service by submitting the process server's affidavit of service, which alleged that the summons and complaint had been left with a person of suitable age and discretion at defendant's usual place of abode and that another copy had been mailed to defendant's last known residence (see CPLR 308 [2]; Nationstar Mtge., LLC v Kamil, 155 AD3d 966, 967 [2017]; LaSalle Bank N.A. v Calle, 153 AD3d 801, 802 [2017]; Daimler Trust v Ferro, 58 Misc 3d 152[A], 2018 NY Slip Op 50116[U]). Defendant's conclusory denial of service in her moving papers was insufficient to rebut the prima facie evidence of proper service set forth in the process server's affidavit of service (see Wachovia Mtge. Corp. v Toussaint, 144 AD3d 1132, 1133 [2016]; HSBC Bank USA, N.A. v Miller, 121 AD3d 1044, 1045 [2014]). Consequently, defendant failed to establish a basis to vacate the default judgment on the ground of lack of personal jurisdiction. 
To the extent that defendant's motion may be treated as also having been made based on excusable default (see CPLR 5015 [a] [1]), defendant was required to demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the action (see Nationstar Mtge., LLC v McLean, 140 AD3d 1131, 1132 [2016]; Santiago v New York City Health & Hosps. Corp., 10 AD3d 393, 394 [2004]). Here, defendant's conclusory and unsubstantiated denial of service of the summons and complaint did not constitute a reasonable excuse for her default (see HSBC Bank USA, N.A. v Powell, 148 AD3d 1123, 1124 [2017]; Town House St., LLC v New Fellowship Full Gospel Baptist Church, Inc., 29 AD3d 893, 894 [2006]). Thus, we need not determine whether defendant had a potentially meritorious defense to the action (see Deutsche Bank Natl. Trust Co. v Pietrancio, 102 AD3d 724 [2013]; ACT Props. v Garcia, LLC, 102 AD3d 712 [2013]).
Likewise, defendant was not entitled to relief from the default judgment pursuant to CPLR 317. To obtain relief under CPLR 317, defendant was required to demonstrate that she "did not receive actual notice of the summons and complaint in time to defend the action" (Wassertheil v Elburg, LLC, 94 AD3d 753, 754 [2012] [internal quotation marks and citation omitted]; see CPLR 317; Clover M. Barrett, P.C. v Gordon, 90 AD3d 973 [2011]). Defendant's mere denial of receipt of the summons and complaint is insufficient to establish a lack of actual notice of the action (see Ultimate One Distrib. Corp. v 2900 Stillwell Ave., LLC, 140 AD3d 1054, 1055 [2016]; Wassertheil v Elburg, LLC, 94 AD3d at 754; Clover M. Barrett, P.C. v Gordon, 90 AD3d at 974). 
We further note that defendant's contention, raised for the first time on appeal, concerning an allegation contained in an affirmation dated June 5, 2018, submitted in opposition to an order to show cause seeking to stay enforcement of the judgment, is not properly before this court (see Gross v Aetna Cas. Sur. Co., 240 AD2d 468, 469 [1997]; Fresh Pond Rd. Assoc. v Estate of Schacht, 120 AD2d 561 [1986]) and will not be considered.
Accordingly, the order is affirmed.
ALIOTTA, J.P., PESCE and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 09, 2019