Bethpage Fed. Credit Union v Grant (2019 NY Slip Op 09246)





Bethpage Fed. Credit Union v Grant


2019 NY Slip Op 09246


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2016-04418
 (Index No. 15201/11)

[*1]Bethpage Federal Credit Union, respondent,
v
Stafford C. Grant, appellant, et al., defendants.


Gail M. Blasie, P.C., Garden City, NY, for appellant.
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Thomas A. Hooker of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Stafford C. Grant appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered January 27, 2016. The order denied that defendant's motion, inter alia, pursuant to CPLR 5015(a)(1) to vacate an order and judgment of foreclosure and sale (one paper) of the same court entered September 12, 2014, upon his default in appearing or answering, or, in the alternative, pursuant to CPLR 317 to vacate his default in appearing or answering the complaint and for leave to interpose an answer.
ORDERED that the order entered January 27, 2016, is affirmed, with costs.
The plaintiff commenced this action against the defendant Stafford C. Grant (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain property in Freeport. The defendant neither appeared nor interposed a timely answer. By order entered August 12, 2013, the Supreme Court granted the plaintiff's unopposed motion, inter alia, for leave to enter a default judgment and for an order of reference, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff.
On September 12, 2014, the Supreme Court entered an order and judgment of foreclosure and sale, inter alia, confirming the referee's report and directing the foreclosure sale of the subject property. Thereafter, the defendant moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate the order and judgment of foreclosure and sale, or, in the alternative, pursuant to CPLR 317 to vacate his default in appearing or answering the complaint and for leave to interpose an answer. By order entered January 27, 2016, the Supreme Court denied the defendant's motion, and the defendant appeals.
A process server's affidavit of service constitutes prima facie evidence of proper service and, therefore, gives rise to a presumption of proper service (see US Bank N.A. v Ramos, 153 AD3d 882, 884; Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589). "A mere conclusory denial of service is insufficient to rebut the presumption of proper service arising from the process server's affidavit" (Washington Mut. Bank v Huggins, 140 AD3d 858, 859). "In order to warrant a hearing [*2]to determine the validity of service of process, the denial of service must be substantiated by specific, detailed facts that contradict the affidavit of service" (id. at 859; see Machovec v Svoboda, 120 AD3d 772, 773-774).
Here, the amended affidavit of service reflects that the defendant was served pursuant to CPLR 308(2) on October 29, 2011, by delivery of the summons and complaint to a female co-resident of the mortgaged premises, who was a person of suitable age and discretion and whose physical description was set forth in detail, followed by the required mailing to the address of the mortgaged premises.
CPLR 317 permits a defendant who has been served with a summons and complaint other than by personal delivery to defend the action upon a finding by the court that the defendant did not personally receive notice of the summons and complaint in time to defend and has a potentially meritorious defense (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141; Wassertheil v Elburg, LLC, 94 AD3d 753, 754). However, "to support a determination granting relief under CPLR 317, a party must still demonstrate, and the Court must find, that the party did not receive actual notice of the summons and complaint in time to defend the action" (Wassertheil v Elburg, LLC, 94 AD3d at 754 [internal quotation marks omitted]; see CPLR 317; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d at 142). "The mere denial of receipt of the summons and complaint is . . . insufficient to establish lack of actual notice for the purpose of CPLR 317" (Wassertheil v Elburg, LLC, 94 AD3d at 754 [internal quotation marks omitted]; see Bank of N.Y. v Samuels, 107 AD3d 653, 654). Here, the defendant's contention that his estranged wife deliberately concealed the summons and complaint from him is speculative and without sufficient evidentiary support. Insofar as the defendant contends that service pursuant to CPLR 308(2) was defective because his wife was not a person of suitable discretion, that contention is improperly raised for the first time on appeal. In light of the foregoing, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was pursuant to CPLR 317 without regard to whether the defendant demonstrated the existence of a potentially meritorious defense (see Stevens v Stepanski, 164 AD3d 935, 938; Xiao Lou Li v China Cheung Gee Realty, LLC, 139 AD3d 724, 726).
The Supreme Court also providently exercised its discretion in denying that branch of the defendant's motion which was pursuant to CPLR 5015(a)(1). A defendant seeking to vacate a default in answering or appearing upon the grounds of excusable default pursuant to CPLR 5015(a)(1) must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d at 141; HSBC Bank USA, N.A. v Smart, 155 AD3d 843, 843). " The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court'" (Deutsche Bank Natl. Trust Co. v Saketos, 158 AD3d 610, 612, quoting Maspeth Fed. Sav. & Loan Assn. v McGown, 77 AD3d 889, 890). In this case, the defendant failed to establish a reasonable excuse for his default, since the only excuse he proffered was that he was not properly served with process (see Indymac Fed. Bank FSB v Quattrochi, 99 AD3d 763, 765; Reich v Redley, 96 AD3d 1038; Pezolano v Incorporated City of Glen Cove, 71 AD3d 970, 971). Since the defendant failed to establish a reasonable excuse for his default, it is unnecessary to consider whether he had a potentially meritorious defense to the action (see HSBC Bank USA, N.A. v Dalessio, 137 AD3d 860, 863-864).
The defendant's remaining contentions are without merit.
CHAMBERS, J.P., MALTESE, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court