Davis v Blev Realty LLC (2023 NY Slip Op 03403)

Davis v Blev Realty LLC

2023 NY Slip Op 03403

Decided on June 22, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 22, 2023

Before: Kern, J.P., Friedman, Mendez, Rodriguez, JJ. 

Index No. 27494/16 Appeal No. 545 Case No. 2022-02645N 

[*1]Shaquell Davis, Plaintiff-Respondent,
v
Blev Realty LLC, Defendant-Appellant.

Sukenik, Segal & Graff, P.C., New York (Douglas Segal of counsel), for appellant.
Law Offices of Bernard D'Orazio & Associates, P.C., New York (Steven G. Yudin of counsel), for respondent.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered May 10, 2022, which denied defendant's motion to vacate a default judgment entered against it, unanimously affirmed, without costs.
Defendant's motion to vacate the default judgment was correctly denied, as the record shows that its failure to personally receive notice of the summons was the result of a deliberate attempt to avoid such notice (see CPLR 317; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 143 [1986]). While defendant submitted an affidavit of its managing member, Charles Abramson, averring that the address maintained with the Secretary of State for service of process was the home address of defendant's organizer and former member (see Limited Liability Company Law § 301[c]; Business Corporation Law § 306[b][1]), defendant offered no reasonable explanation as to why the same outdated address was contained in the three most recent biennial statements filed with the Secretary of State, the last two of which Abramson himself verified. Under the circumstances, defendant's failure to maintain a proper address with the Secretary of State raises an inference of a deliberate attempt to avoid service (see John v Arin Bainbridge Realty Corp., 147 AD3d 454, 455-456 [1st Dept 2017]; Widgren v 313 E. 9th Assoc., 295 AD2d 146 [1st Dept 2002]).
In view of the foregoing, we need not reach the issue of whether defendant demonstrated a meritorious defense (see CPLR 317). In any event, the affidavit of its building superintendent vaguely averring that he would inspect the building on a daily basis and promptly remedy any defects was insufficient to establish that defendant lacked notice of the broken step on which plaintiff allegedly tripped and fell (see White v MP 40 Realty Mgt. LLC, 187 AD3d 561, 562 [1st Dept 2020]; Hill v Manhattan N. Mgt., 164 AD3d 1187, 1187 [1st Dept 2018]).
Contrary to defendant's contention, plaintiff's motion for a default judgment satisfied the requirements of CPLR 3215(f). Defendant's request for relief under CPLR 3215(g) is misplaced, as that provision is inapplicable.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 22, 2023