Cappa v Mahoney (2024 NY Slip Op 50192(U))

[*1]

Cappa v Mahoney

2024 NY Slip Op 50192(U)

Decided on February 8, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 8, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JAMES P. McCORMACK, GRETCHEN WALSH, JJ

2022-625 OR C

Louis R. Cappa, DPM, Doing Business as Cappa Podiatry, Respondent, 
against
Andrew Mahoney, Appellant. 

Andrew Mahoney, appellant pro se.
Roach & Murtha, P.C., for respondent (no brief filed).

Appeal from an order of the City Court of Newburgh, Orange County (Joanne Matthews Forbes, J.), entered July 11, 2022. The order denied defendant's motion to vacate a judgment entered on March 24, 2022 upon his failure to appear or answer the complaint.

ORDERED that the order is affirmed, without costs.
Plaintiff commenced this action to recover the principal sum of $2,575 for breach of contract, an account stated and in quantum meruit, asserting that plaintiff provided medical services to defendant and defendant failed to pay. The affidavit of service of process states that service of the summons and complaint was effectuated pursuant to CPLR 308 (2). Defendant failed to appear or answer the complaint, and, on March 24, 2022, a default judgment was entered against him in the principal sum of $2,575. Defendant's subsequent motion to vacate the default judgment was denied by the City Court in an order entered July 11, 2022.
To the extent that defendant asserted a lack of personal jurisdiction as a ground for vacating the default judgment (see CPLR 5015 [a] [4]), it is well established that a process server's affidavit of proper service constitutes prima facie evidence of that service, and, in order to rebut this showing and raise an issue of fact necessitating a traverse hearing, the party disputing service is required to submit a sworn, nonconclusory and factually specific denial of service (see Deutsche Bank Natl. Trust Co. v Quinones, 114 AD3d 719, 719 [2014]; U.S. Bank, N.A. v Arias, 85 AD3d 1014, 1015 [2011]; Daimler Trust v Ferro, 58 Misc 3d 152[A], 2018 NY Slip Op 50116[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]). Here, plaintiff made a prima facie showing of proper service by submitting the process server's affidavit of service, which alleged that the summons and complaint had been left with a person of suitable age and discretion at defendant's usual place of abode and that another copy had been mailed to defendant's last known residence (see CPLR 308 [2]; Nationstar Mtge., LLC v Kamil, 155 AD3d 966, 967 [2017]; LaSalle Bank N.A. v Calle, 153 AD3d 801, 802 [2017]; Daimler Trust v Ferro, 2018 NY Slip Op 50116[U]). Defendant's denial of service failed to rebut the affidavit of service, since he only stated that he lives alone and does not match the physical description set [*2]forth in the affidavit of service, but did not rebut the sworn allegation that a person fitting the physical description of "John Doe" was present at the residence and accepted service on behalf of defendant (see Washington Mut. Bank v Huggins, 140 AD3d 858 [2016]; HSBC Bank USA, N.A. v Miller, 121 AD3d 1044 [2014]). Consequently, defendant failed to establish a basis to vacate the default judgment on the ground of lack of personal jurisdiction.
To the extent that defendant's motion may be treated as also having been made based on excusable default (see CPLR 5015 [a] [1]), defendant was required to demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the action (see Nationstar Mtge., LLC v McLean, 140 AD3d 1131, 1132 [2016]; Santiago v New York City Health & Hosps. Corp., 10 AD3d 393 [2004]). Here, defendant's conclusory and unsubstantiated denial of service of the summons and complaint did not constitute a reasonable excuse for his default (see HSBC Bank USA, N.A. v Powell, 148 AD3d 1123 [2017]; Town House St., LLC v New Fellowship Full Gospel Baptist Church, Inc., 29 AD3d 893, 894 [2006]). Thus, we need not determine whether defendant had a potentially meritorious defense to the action (see Deutsche Bank Natl. Trust Co. v Pietranico, 102 AD3d 724 [2013]; ACT Props. v Garcia, LLC, 102 AD3d 712 [2013]).
Likewise, defendant was not entitled to relief from the default judgment pursuant to CPLR 317. To obtain relief under CPLR 317, defendant was required to demonstrate that he "did not receive actual notice of the summons and complaint in time to defend the action" (Wassertheil v Elburg, LLC, 94 AD3d 753, 754 [2012] [internal quotation marks omitted]; see Clover M. Barrett, P.C. v Gordon, 90 AD3d 973 [2011]). Defendant's mere denial of receipt of the summons and complaint is insufficient to establish a lack of actual notice of the action (see Ultimate One Distrib. Corp. v 2900 Stillwell Ave., LLC, 140 AD3d 1054 [2016]; Wassertheil v Elburg, LLC, 94 AD3d at 754; Clover M. Barrett, P.C. v Gordon, 90 AD3d at 974).
Accordingly, the order is affirmed.
DRISCOLL, J.P., McCORMACK and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 8, 2024