Hasnat v ADP Realty Ltd. (2024 NY Slip Op 05052)

Hasnat v ADP Realty Ltd.

2024 NY Slip Op 05052

Decided on October 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 15, 2024

Before: Webber, J.P., Kapnick, Kennedy, Scarpulla, Shulman, JJ. 

Index No. 809691/21 Appeal No. 2830 Case No. 2024-02458 

[*1]Maleka Hasnat, Plaintiff-Appellant,
v
ADP Realty Ltd., Defendant-Respondent.

Cohen & Cohen Personal Injury Lawyers, P.C., Forest Hills (Albert I. Cohen of counsel), for appellant.
Milber Makris Plousadis, LLP, Woodbury (Lynsay A. Dyszler of counsel), for respondent.

Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered April 3, 2024, which granted defendant's motion to vacate a default judgment, unanimously reversed, on the law, without costs, and the motion to vacate denied.
The motion to vacate the default judgment should not have been granted under CPLR 317 because defendant failed to show a meritorious defense. The affidavit of defendant's president is insufficient "as it contains only a general assertion of lack of knowledge of the. . . alleged defect in the" stairway (Gomez v One Sickles St. Co., LP, 165 AD3d 597, 597 [1st Dept 2018]; see also Davis v Blev Realty LLC, 217 AD3d 563, 564 [1st Dept 2023]).
Furthermore, under CPLR 5015(a), defendant's failure to update its address on file with the Secretary of State for 19 years after moving offices does not constitute a reasonable excuse for the default (see e.g. NYCTL 2015-A Trust v Diffo Props. Corp., 171 AD3d 538, 539 [1st Dept 2019], lv dismissed 34 NY3d 1198 [2020]; Gomez, 165 AD3d at 597).
To the extent defendant relies on CPLR 3012(d), that provision is inapplicable here (see U.S. Bank Trust N.A. v Rivera, 187 AD3d 624, 625 [1st Dept 2020]). In any event, CPLR 3012(d) also requires a reasonable excuse for a delay, which defendant has failed to set forth (see Majada Inc. v E&A RE Capital Corp., 205 AD3d 648, 649 [1st Dept 2022]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2024