Raistone Purch. LLC-Series XLI v London Luxury LLC (2025 NY Slip Op 05324)

Raistone Purch. LLC-Series XLI v London Luxury LLC

2025 NY Slip Op 05324

Decided on October 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 02, 2025

Before: Moulton, J.P., Mendez, O'Neill Levy, Michael, Chan, JJ. 

Index No. 651488/23|Appeal No. 4721|Case No. 2024-02786|

[*1]Raistone Purchasing LLC-Series XLI, Plaintiff-Respondent,
v
London Luxury LLC, Defendant-Appellant.

Rivkin Law Group PLLC, New York (Oleg Rivkin of counsel), for appellant.
Stradley Ronon Stevens & Young, LLP, New York (Eric Porter of counsel), for respondent.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered March 25, 2024, which denied defendant's motion pursuant to CPLR 317 to vacate a default judgment entered against it in the amount of $826,955.87, unanimously affirmed, without costs.
The motion court providently exercised its discretion in denying defendant's motion. The record supports an inference that defendant deliberately attempted to evade service (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 143 [1986]). Defendant demonstrated through an affidavit of its chief executive officer, Marc Jason, that it did not receive notice of the summons in time to defend because it neglected to update its address with the Secretary of State (see id. at 142). However, on August 2, 2022, eight months before plaintiff commenced the action, plaintiff sent defendant a letter that was labeled a pre-litigation notice, that warned defendant that plaintiff would pursue all available legal remedies to recover the balance owed under their agreements, and that reserved all of plaintiff's rights, claims, and causes of action arising from their agreements. Defendant did not dispute that it received this notice, sent by email to Jason and by letter to defendant's New Rochelle office before it closed in January 2023. Despite knowing of the looming threat of litigation, defendant never updated its address with the Secretary of State (see Lawrence v Esplanade Gardens, 213 AD2d 216, 216 [1st Dept 1995]). Because defendant cannot avail itself of CPLR 317 based on its attempt to deliberately evade service, we need not determine whether it demonstrated a meritorious defense (see Davis v Blev Realty LLC, 217 AD3d 563, 564 [1st Dept 2023]).
The Clerk properly entered judgment on a sum certain pursuant to CPLR 3215(a). The judgment was based on the principal amount of $660,007.09, plus 15% interest, from November 6, 2021 through the entry of judgment on July 13, 2023. Plaintiff waived any interest accrued at a rate of 12% before that date. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 2, 2025