VIOLA GRAY, as Administratrix of the Estate of INEZ B. TELLER, Deceased, Appellant-Respondent, v BANKERS TRUST COMPANY OF ALBANY, N. A., et al., Respondents-Appellants.

Third Department, July 23, 1981

APPEARANCES OF COUNSEL

*Philip D. O'Donnell* for appellant-respondent.

*Cooper, Erving & Savage (Stephen J. Waite* of counsel), for Bankers Trust Company of Albany, N. A., respondent-appellant.

*Louis S. Petrone (Daniel R. McComb* of counsel), for Cooperative Fire Insurance Company of Catskill, New York, respondent-appellant.

OPINION OF THE COURT

MAHONEY, P. J.

In July, 1974, Inez B. Teller, the plaintiff's intestate, and her husband mortgaged their bar and restaurant in the Town of Little Falls, Herkimer County and their residence in the Town of Oppenheim, Fulton County, to the defendant Bankers Trust Company of Albany, N. A. (Bankers Trust). The mortgage was to secure the sum of $13,000 and, pursuant to subdivision 4 of section 254 of the Real Property Law, contained a standard New York mortgagee clause. The fire policy covering the mortgaged premises was issued by the defendant Cooperative Fire Insurance Company of Catskill, New York (Catskill), and it also contained a standard New York mortgagee clause stating that loss or damage under the policy would be paid to the mortgagee "as interest may appear". The policy also contained a subrogation provision which permitted the insurer to be subrogated to the rights of the mortgagee to the extent of the insurer's payment to the mortgagee. On January 18, 1976 plaintiff's intestate's husband, Earl Teller, died. On June 29, 1976, plaintiff's intestate defaulted in making a monthly mortgage payment. On July 17, 1976 the mortgaged Oppenheim residence was destroyed by fire.* Catskill sent a notice of cancellation of the policy to Mrs. Teller on August 17, 1976. Bankers Trust commenced an action for foreclosure of the mortgage and personally served Mrs. Teller on November 18, 1976. She defaulted and Bankers Trust took a judgment of foreclosure and sale on February 9, 1977. The judgment found that the amount due on the mortgage debt was $12,471.54 and that the bank's interest in the fire insurance proceeds as first mortgagee under the standard New York clause was $4,269.92, a sum agreed upon between Bankers Trust as the mortgagee and Catskill as the insurer. The premises were ordered to be sold to discharge the debt less the insurance

---

* The plaintiff's intestate, Inez Teller, was arrested and indicted for arson. She was acquitted on February 25, 1977.

proceeds. At the foreclosure sale on March 23, 1977, Bankers Trust purchased the destroyed premises for $2,000 and the bar and restaurant for $5,000. Bankers Trust did not move for a deficiency judgment, relying instead on resale of the mortgaged properties to recoup the deficiency. Mrs. Teller's proof of loss claim under the policy was rejected on May 3, 1977. Shortly thereafter Mrs. Teller died.

On July 5, 1977, Mrs. Teller's administratrix commenced this action against Bankers Trust and Catskill demanding $39,000. The estate alleged, *inter alia*, that Bankers Trust should have applied the fire insurance proceeds so as to keep the mortgage current, that the bank and Catskill acted collusively in permitting Bankers Trust to purchase the premises at the foreclosure sale for less than their market value, and that the estate of Mrs. Teller is entitled to the proceeds of the fire policy. After issue was joined, Bankers Trust moved for summary judgment dismissing the complaint and for like relief dismissing Catskill's cross claim against the bank for contribution, which cross claim was brought in the event the plaintiff's intestate succeeded in the action against Catskill. The insurer also moved for summary judgment dismissing the first cause of action of the complaint and for judgment dismissing Bankers Trust's cross claim against it, which cross claim, like the bank's, was defensive in nature and intended as a vehicle for the bank to obtain contribution from the insurer in the event the plaintiff's intestate's action against the bank was successful. Catskill also moved for summary relief on its counterclaim against the plaintiff, which claim had been initiated, pursuant to the subrogation provisions of the fire policy, to recover the $4,269.92 Catskill had paid to Bankers Trust.

Special Term granted Bankers Trust's motion dismissing the complaint against it as well as Catskill's cross claim against the bank. Special Term also dismissed the first cause of action of the complaint against Catskill and Bankers Trust's cross claim against the insurer. Further, Catskill's cross motion for judgment on its counterclaim was dismissed. These cross appeals ensued.

A judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the

parties, and all matters of defense which were or might have been litigated in the foreclosure action are concluded (see *Grady v Utica Mut. Ins. Co.*, 69 AD2d 668, 677; *First Nat. Bank & Trust Co. of Ellenville v Novick Realty Corp.*, 68 AD2d 191, mot for lv to app den 49 NY2d 702; 2A Warren's Weed, New York Real Property [4th ed, 1980 Supp], § 13.04, p 23). Consequently, the regularity of the mortgage foreclosure action precludes the plaintiff herein from asserting the allegations contained in the complaint against Bankers Trust since the bank affirmatively pleaded the doctrine of *res judicata* in its answer.

However, the first cause of action of the complaint against Catskill cannot be so summarily dismissed since the insurer did not plead either collateral estoppel or *res judicata* as a defense. Nevertheless, since it clearly appears that Catskill paid Bankers Trust $4,269.92 in accordance with the bank's proof of loss in recognition of the bank's first mortgage interest in the real property pursuant to the standard mortgagee clause, and, further, since such payment was made pursuant to the contract of insurance with plaintiff's intestate, and, further, since Catskill had no part in the foreclosure proceedings or ultimate purchase by the bank, plaintiff's allegations of collusion against Catskill are meritless. Thus, summary judgment dismissing plaintiff's first cause of action against Catskill was properly granted, as was the summary relief in favor of Catskill on Bankers Trust's cross claim against the insurer. In sum, since the complaint was summarily dismissed against both defendants, their defensive cross claims against each other necessarily fail. Finally, Special Term correctly dismissed Catskill's cross motion for judgment on its counterclaim to recover the money paid to Bankers Trust pursuant to the standard mortgagee clause since the prior summary relief in favor of Bankers Trust rendered the insurer's counterclaim meaningless.

The order should be affirmed, with costs to defendants.

MIKOLL, YESAWICH, JR., and WEISS, JJ., concur.

Order affirmed, with costs to defendants.