■ MARINE MIDLAND BANK, N. A., Appellant, v NEW HORIZONS INVESTORS, INC., et al., Respondents, et al., Defendants. [653 NYS2d 685] —In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an amended order and judgment (one paper) of the Supreme Court, Nassau County (DiNoto J.), dated September 12, 1995, as (1), upon granting the respondents' motion to reargue and renew the plaintiff's motion for leave to enter a deficiency judgment against the respondents, denied its motion for leave to enter a deficiency judgment, and (2) vacated so much of a judgment of the same court, entered June 15, 1994, as awarded the plaintiff a deficiency judgment in the sum of $626,668.50.

Ordered that the amended order and judgment is affirmed insofar as appealed from, with costs.

In 1985 the respondents purchased certain property in Garden City after obtaining a mortgage from the appellant, Marine Midland Bank, N. A. In 1991 the appellant commenced the instant action to foreclose upon the mortgage. In May 1993 the appellant obtained a judgment of foreclosure and sale in the sum of $1,315,033.50. At the Referee's sale in July 1993, the premises were sold for the sum of $682,100.

In October 1993 the appellant moved pursuant to RPAPL 1371 (2) for leave to enter a deficiency judgment in the sum of $626,668.50. In an order dated May 25, 1994, the court granted the appellant's motion, and judgment was entered on June 15, 1994. The court subsequently granted the respondents' motion

for reargument and renewal and, after a hearing to determine, *inter alia,* the fair market value of the premises at the time of the foreclosure sale, during which both sides presented expert testimony regarding valuation, the court adopted a "sales comparison approach" to valuation and determined that there was no deficiency between the market value of the premises and the amount owing to the appellant as determined by the judgment. In an amended order and judgment dated September 12, 1995, the court denied the appellant's motion for a deficiency judgment and vacated so much of the judgment entered June 15, 1994, as awarded the appellant the deficiency judgment.

Contrary to the appellant's contention, the Supreme Court did not erroneously adopt a sales comparison approach in determining the value of the premises. While the income capitalization approach has generally been regarded as the preferred method for determining the value of the type of income-producing property involved herein (*see, 41 Kew Gardens Rd. Assocs. v Tyburski,* 70 NY2d 325, 331), it need not be the exclusive method (*see, Hudson City Sav. Inst. v Drazen,* 153 AD2d 91). Thus, the court could properly accept the sales comparison or market value analyses included in both experts' appraisal reports, and thereby arrive at a value which emphasized a pragmatic adjustment to the economic realities of the premises involved herein (*see, Matter of Bass v Tax Commn.,* 179 AD2d 387).

Furthermore, the court's determination that the value of the premises exceeded the $1,315,033.50 debt owed to the appellant was supported by the credible evidence. Accordingly, the court did not improvidently exercise its discretion when it denied the appellant's motion for leave to enter a deficiency judgment and vacated the prior judgment which had awarded the appellant the deficiency judgment.

The appellant's remaining contentions are without merit. Bracken, J. P., Santucci, Altman and McGinity, JJ., concur.