■ NEW HORIZONS INVESTORS, INC., et al., Respondents, v MARINE MIDLAND BANK, N. A., Appellant. [669 NYS2d 666] —In an action to recover damages for alleged lender liability, the defendant appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), dated January 9, 1997, which denied its motion for summary judgment dismissing the complaint on the ground of res judicata and for the imposition of sanctions against the plaintiffs pursuant to 22 NYCRR 130-1.1.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the defendant, and the complaint is dismissed.

In 1986, New Horizons Investors, Inc. (hereinafter New Horizons), became indebted to the defendant, Marine Midland Bank, N. A. (hereinafter the bank), in the principal sum of $1,200,000, in order to acquire and renovate a commercial building in Garden City. The individual plaintiffs, Vincent Marino, Thomas L. Costa, and Donald Gallagher, were investors in New Horizons and personal guarantors of the debt, which was secured by a mortgage. In 1991 the bank commenced an action to foreclose the mortgage. The complaint in the foreclosure action named the guarantors as defendants and alleged that they were jointly and severally liable for any deficiency judgment. New Horizons and Marino defaulted, Costa an-

swered with a general denial, and Gallagher served a notice of appearance. In May 1993 the bank's motion for summary judgment of foreclosure and sale was granted without opposition, a judgment of foreclosure was entered, and the property was sold at public auction the following July.

The judgment of foreclosure permitted the bank to recover a deficiency judgment from the guarantors. The bank's motion for a deficiency judgment was ultimately denied, however, on the ground that there was no deficiency between the market value of the premises and the amount owed to the bank (*see, Marine Midland Bank v New Horizons Investors*, 236 AD2d 523).

While the motion for a deficiency judgment was pending in the foreclosure action, the plaintiffs commenced the action at bar against the bank in which they alleged, *inter alia*, that the bank breached its contractual obligations on the loan and violated its obligation to act in good faith. Specifically, the plaintiffs alleged that the bank refused to grant a reasonable extension of the mortgage and refused to enter into a stipulation of settlement which would have limited the personal liability of the individual plaintiffs.

In its answer, the bank asserted the affirmative defense of res judicata and subsequently moved, *inter alia*, to dismiss the complaint on that ground. We conclude that the Supreme Court erred in denying that branch of the motion which was for summary judgment.

The doctrine of res judicata provides that "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357). Moreover, "[a] judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and all matters of defense which were or might have been litigated in the foreclosure action are concluded" (*Gray v Bankers Trust Co.*, 82 AD2d 168, 170-171; *see also, Green Point Sav. Bank v Clarke*, 220 AD2d 384; *Cherico v Bank of N. Y.*, 211 AD2d 961).

The issues raised by the plaintiffs in the instant case concern the parties' rights and obligations under the mortgage agreement and could have been raised as equitable defenses in the foreclosure action (*see, e.g., Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175; *Pellicane v Norstar Bank*, 213 AD2d 610; *Massachusetts Mut. Life Ins. Co. v Gramercy Twins Assocs.*, 199 AD2d 214). The plaintiffs failed to raise those claims as defenses prior to issuance of the final judgment

in the foreclosure action and are therefore precluded from attempting to litigate them in this action.

We have considered the plaintiffs' remaining contentions and find them to be without merit.

The Supreme Court properly denied that branch of the bank's motion which was for the imposition of sanctions against the plaintiffs pursuant to 22 NYCRR 130-1.1. O'Brien, J. P., Sullivan, Friedmann and Goldstein, JJ., concur.