■ PREMIER CAPITAL, INC., Appellant, v EDWARD E. KLEIN et al., Respondents, et al., Defendant. [776 NYS2d 74]—

In an action, inter alia, pursuant to Debtor and Creditor Law article 10 to set aside a transfer of real property as fraudulent, the plaintiff appeals, as limited by its brief, from (1) stated portions of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered December 18, 2002, which granted those branches of the separate motions of the defendants DelBello, Donnellan, Weingarten & Tartaglia, LLP, Alfred Donnellan, and Robert A. Korren, the defendants Lachman & Lachman and Neil Lachman, and the defendant Rattet & Pasternak, LLP which were to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action insofar as asserted against them, and denied those branches of its cross motion which were, inter alia, for leave to replead, and (2) so much of an order of the same court entered June 9, 2003, as, upon reargument, adhered to its prior determination.

Ordered that the appeal from the order entered December 18, 2002 is dismissed, without costs or disbursements, as that order was superseded by the order entered June 9, 2003, made upon reargument; and it is further,

Ordered that the order entered June 9, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

"On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must determine, accepting as true the factual averments of the complaint and according the plaintiff the benefit of all favorable inferences, whether the plaintiff can succeed upon any reasonable view of the facts as stated" (*Schneider v Hand,* 296 AD2d 454 [2002]). Where evidence is submitted by the movant in support of a CPLR 3211 (a) (7) motion, the court must determine whether the proponent of the pleading has a cause of action, not whether it has stated one (*see Columbo v Chase Manhattan Automotive Fin. Corp.,* 297 AD2d 327, 328 [2002]).

Applying these principles to the case at bar, we conclude that the Supreme Court properly granted those branches of the separate motions of the respondents which were to dismiss the complaint pursuant to CPLR 3211 (a) (7) insofar as asserted against them (*see Federal Deposit Ins. Corp. v Porco,* 75 NY2d 840 [1990]; *cf. Multiloan Mtge. Co. v Asian Gardens,* 303 AD2d 658, 661 [2003]). The plaintiff's assignor was fully aware of the reasons for the transfer of real property from the respondent Edward E. Klein to himself and the respondent, Elaine R. Klein, his wife, as tenants by the entireties on December 11, 1995. Indeed, it cooperated with the restructuring of debt with respect to this property. The subsequent transfer of the real property on December 10, 1996, from Edward E. Klein and Elaine R. Klein, as tenants by the entireties, to the defendant Diane A. Klein, as trustee of the EEK Qualified Personal Residence Trust, was not fraudulent as to the plaintiff because Elaine R. Klein was not alleged to be a debtor of the plaintiff's assignor. Accordingly, none of the respondents can be held liable to the plaintiff whatever their participation may have been in the transfers. Moreover, the complaint does not allege that any of the respondents were beneficiaries of the transfers (*see Federal Deposit Ins. Corp. v Porco, supra* at 842). The Supreme Court also providently exercised its discretion in denying that branch of the plaintiff's cross motion which was for leave to replead (*see Latture v Smith,* 1 AD3d 408, 409 [2003]; *Lesesne v Lesesne,* 292 AD2d 507, 509 [2002]).

The plaintiff's remaining contentions are without merit. Smith, J.P., Crane, Rivera and Mastro, JJ., concur.