■ 83-17 BROADWAY CORP., Respondent, v DEBCON FINANCIAL SERVICES, INC., et al., Defendants, and BRETT MORGAN, LLC, Appellant. [835 NYS2d 602]—

In an action, inter alia, to set aside the alleged fraudulent conveyance of certain real property, the defendant Brett Morgan, LLC, appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Kelly, J.), dated May 5, 2005, as denied, in effect, with leave to renew in a related action, those branches of its cross motion which were (a) pursuant to CPLR 3211 (a) (5) and (7) to dismiss the first, second, and third causes of action insofar as asserted against it, (b) pursuant to CPLR 3211 (a) (5) and (7) to dismiss the fourth cause of action insofar as asserted against it to the extent that it seeks damages for the alleged fraudulent conveyance of real property and to set aside the alleged fraudulent conveyance of three parcels of real property located in Astoria, New York, which were the subject of an action entitled *Debcon Financial Services, Inc. v 83-17 Broadway Corp.*, pending in the Supreme Court, Queens County, under index No. 9555/98, and (c) to cancel the notice of pendency filed against those parcels of real property located in Astoria, New York.

Ordered that the order is modified, on the law, by deleting the provision thereof denying, in effect, with leave to renew in a related action, those branches of the cross motion which were pursuant to CPLR 3211 (a) (5) to dismiss the first, second, and third causes of action insofar as asserted against the appellant, and pursuant to CPLR 3211 (a) (7) to dismiss the fourth cause of action insofar as asserted against the appellant to the extent it seeks damages for the alleged fraudulent conveyance of real property and to set aside the alleged fraudulent conveyance of three parcels of real property located in Astoria, New York, which were the subject of an action entitled *Debcon Financial Services, Inc. v 83-17 Broadway Corp.*, pending in the Supreme Court, Queens County, under index No. 9555/98 and substituting therefor a provision granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs payable by the plaintiff.

That branch of the appellant's cross motion which was pursuant to CPLR 3211 (a) (5) to dismiss the first, second, and third causes of action insofar as asserted against it should have been granted. Under New York's transactional analysis approach to res judicata, "once a claim is brought to a final conclusion, all other claims . . . are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *see New Horizons Invs. v Marine Midland Bank*, 248 AD2d 449 [1998]). Thus, "[a] judgment of

foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and all matters of defense which were or which might have been litigated in the foreclosure action are concluded" (*Gray v Bankers Trust Co. of Albany, N.A.*, 82 AD2d 168, 170-171 [1981]; *see NAB Asset Venture IV, LLP v Orangeburg Equities*, 19 AD3d 565 [2005]; *New Horizons Invs. v Marine Midland Bank, supra*; *Ghartey v Bank of Baltimore*, 243 AD2d 538 [1997]). Furthermore, a judgment by default which has not been vacated is conclusive for res judicata purposes (*see Rosendale v Citibank*, 262 AD2d 628 [1999]; *Silverman v Leucadia, Inc.*, 156 AD2d 442 [1989]; *Rizzo v Ippolito*, 137 AD2d 511 [1988]). Here, to the extent that the factual allegations set forth in the plaintiff's first three causes of action are directed against the appellant, they concern the validity of the mortgages which formed the basis of two foreclosure actions commenced by the appellant's assignor. Since the plaintiff defaulted in both foreclosure actions and did not successfully move to vacate its defaults, the judgment of foreclosure and sale entered in those actions preclude it from litigating the validity of the mortgages in this action.

Although the plaintiff's fourth cause of action is not barred by the doctrine of res judicata, the court should have granted that branch of the appellant's cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss the fourth cause of action insofar as asserted against it to the extent that the cause of action seeks to recover damages for the alleged fraudulent conveyance of real property and to set aside the alleged fraudulent conveyance of three parcels of real property located in Astoria, New York, which were the subject of an action entitled *Debcon Financial Services, Inc. v 83-17 Broadway Corp.*, pending in the Supreme Court, Queens County, under index No. 9555/98. On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleadings a liberal construction, accept all facts as alleged in the pleadings to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Williams v Williams*, 36 AD3d 693 [2007]; *McKenzie v Meridian Capital Group, LLC*, 35 AD3d 676 [2006]). Applying this standard here, the complaint does not state a cause of action to recover damages based on a fraudulent conveyance nor does it state a cause of action to set aside the conveyance of the subject properties to the appellant because the transfer was not made by a debtor of the plaintiff (*see Premier Capital v Klein*, 7 AD3d 501 [2004]).

However, the court properly denied that branch of the appel-

lant's motion which was to cancel the notice of pendency filed against the three parcels of real property located in Astoria, New York, which were the subject of an action entitled *Debcon Financial Services, Inc. v 83-17 Broadway Corp.*, pending in the Supreme Court, Queens County, under index No. 9555/98. The plaintiff's fourth cause of action, which remains pending against the party who conveyed the subject properties to the appellant, seeks relief which would affect title to these properties (*see* CPLR 6501; *5303 Realty Corp. v O & Y Equity Corp.*, 64 NY2d 313 [1984]). Schmidt, J.P., Krausman, Florio and Balkin, JJ., concur.