■ UNIVERSITY STUDIO, INC., Appellant, v NYCTL 1997-1 TRUST et al., Respondents. [841 NYS2d 890]—

In an action, inter alia, to set aside certain deeds, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Held, J.), dated October 13, 2006, as, in effect, granted that branch of the motion of the defendants NYCTL 1997-1 Trust and Bank of New York as collateral agent and custodian which was for summary judgment dismissing the complaint, and denied its cross motion for summary judgment on the complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The defendants NYCTL 1997-1 Trust (hereinafter the Trust) and Bank of New York as collateral agent and custodian (hereinafter the Bank) made a prima facie showing of their entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The Trust and the Bank demonstrated that the instant action was barred by the doctrine of res judicata, because the issue of whether proper notice of the sale of the tax lien was provided should have been raised in the prior foreclosure action (*see 83-17 Broadway Corp. v Debcon Fin. Servs., Inc.*, 39 AD3d 583, 584-585 [2007]). In response, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court correctly granted that branch of the motion which was for summary judgment dismissing the complaint (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). Crane, J.P., Goldstein, Skelos and Carni, JJ., concur.