■ CITIMORTGAGE, INC., Appellant, v ANGELA FINOCCHIARO, Respondent, et al., Defendants. [14 NYS3d 711]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Richmond County (Maltese, J.), dated January 4, 2013, which granted the motion of the defendant Angela Finocchiaro, inter alia, in effect, pursuant to CPLR 317 to vacate an order of reference of the same court, dated October 13, 2009, and a judgment of foreclosure and sale of the same court dated March 22, 2010, upon her failure to appear or answer the complaint, and thereupon to dismiss the complaint for lack of standing.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Angela Finocchiaro is denied.

The plaintiff commenced this action to foreclose a mortgage on real property owned by the defendant Angela Finocchiaro (hereinafter the defendant). Upon the defendant's failure to appear or answer the complaint, the plaintiff moved for leave to enter a default judgment. In an order dated October 13, 2009, the Supreme Court granted the motion and appointed a referee to compute the amount due the plaintiff on the note and mortgage. Thereafter, a judgment of foreclosure and sale dated March 22, 2010, was entered. By order to show cause dated June 1, 2012, the defendant moved, inter alia, in effect, pursuant to CPLR 317 to vacate the order of reference and the judgment of foreclosure and sale and to dismiss the complaint on the ground that the plaintiff lacked standing because the mortgage had not been assigned to it at the time it commenced the action. The Supreme Court concluded that the defendant had a meritorious defense, granted the motion pursuant to CPLR 317, vacated the order of reference and judgment of foreclosure and sale, and directed the dismissal of the complaint. We reverse.

CPLR 317 permits a defendant who has been "served with a

summons other than by personal delivery" to defend the action upon a finding by the court that the defendant "did not personally receive notice of the summons in time to defend and has a meritorious defense" (CPLR 317; *see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Unifiller Sys., Inc. v Melita Corp.*, 127 AD3d 961 [2015]; *Grosso v MTO Assoc. Ltd. Partnership*, 12 AD3d 402, 403 [2004]).

The defendant, who was properly served with process pursuant to CPLR 308 (4), failed to make the requisite showing that she did not receive actual notice of the summons and complaint in time to defend the action (*see Wassertheil v Elburg, LLC*, 94 AD3d 753, 754 [2012]). Accordingly, the defendant's motion should have been denied.

In light of our determination, we need not reach the parties' remaining contentions. Mastro, J.P., Austin, Sgroi and Barros, JJ., concur.