Retained Realty, Inc. v Koenig (2018 NY Slip Op 07473)





Retained Realty, Inc. v Koenig


2018 NY Slip Op 07473


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
FRANCESCA E. CONNOLLY, JJ.


2017-01989
 (Index No. 6061/07)

[*1]Retained Realty, Inc., respondent, 
v
Herbert E. Koenig, et al., appellants, et al., defendants.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Christopher Villanti of counsel), for appellants.
Stagg, Terenzi, Confusione & Wabnik, LLP, Garden City, NY (Quies Sakhizada and Ronald P. Labeck of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Herbert E. Koenig and Susan R. Koenig appeal from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated January 3, 2017. The order, insofar as appealed from, denied that branch of those defendants' motion which was to dismiss the complaint for failure to comply with a court rule.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff in this foreclosure action was granted an order of reference upon the failure of all the defendants to appear in the action. The plaintiff's motion for a judgment of foreclosure and sale was granted, without opposition. The judgment of foreclosure and sale was entered thereafter.
The defendants Herbert E. Koenig and Susan R. Koenig (hereinafter together the defendants) subsequently moved, inter alia, to dismiss the complaint on the ground that the plaintiff failed to comply with Part F, rule 8, of the Kings County Supreme Court Uniform Civil Term Rules (hereinafter Rule 8). Rule 8 requires a plaintiff in a foreclosure action to file a motion for a judgment of foreclosure within one year of entry of the order of reference. The plaintiff opposed the motion, arguing that the court's authority to dismiss a complaint pursuant to Rule 8 should be exercised sparingly and only in extraordinary circumstances, that the plaintiff had complied with Rule 8, and that the defendants had failed to set forth any grounds for vacating the judgment of foreclosure and sale, which had already been entered. In an order dated January 3, 2017, the Supreme Court, inter alia, denied that branch of the defendants' motion which was to dismiss the complaint, concluding that there was a sufficient basis for the plaintiff's delay in moving for a judgment of foreclosure and sale. The defendants now appeal.
While we affirm the order insofar as appealed from, we do so on a ground different from that relied upon by the Supreme Court. Rule 8 did not warrant dismissal of the complaint, because the defendants moved for dismissal only after a judgment of foreclosure and sale had already been entered upon their default, and the defendants failed to set forth any grounds for vacating the judgment of foreclosure and sale.
" [A] judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and all matters of defense which were or which might have been litigated in the foreclosure action are concluded'" (83-17 Broadway Corp. v Debcon Fin. Servs., Inc., 39 AD3d 583, 584-585, quoting Gray v Bankers Trust Co. of Albany, N.A., 82 AD2d 168, 170-171). Defenses which should have been raised before the entry of a judgment of foreclosure, but were not, should not be entertained by the court after the fact (see NAB Asset Venture IV, LLP v Orangeburg Equities, 19 AD3d 565, 565).
The defendants failed to oppose the plaintiff's motion for a judgment of foreclosure and sale, and failed to move to dismiss the complaint until after the judgment of foreclosure and sale had been entered. The defendants have not moved to vacate their default in opposing the plaintiff's motion, and they have not articulated any grounds which would warrant vacatur of the judgment of foreclosure and sale, either under the standards set forth in CPLR 5015, or under the court's inherent discretionary authority in the interests of substantial justice (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68).
Accordingly, we agree that it was proper to deny that branch of the defendants' motion which was to dismiss the complaint.
LEVENTHAL, J.P., CHAMBERS, SGROI and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court