Taron Partners, LLC v McCormick (2019 NY Slip Op 04746)





Taron Partners, LLC v McCormick


2019 NY Slip Op 04746


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2016-10543
 (Index No. 55158/14)

[*1]Taron Partners, LLC, plaintiff-respondent,
v
Suzanne . McCormick, appellant; C2GRE, LLC, nonparty-respondent.


The Griffith Firm, New York, NY (Edward Griffith of counsel), for appellant.
Kurzman, Eisenberg, Corbin & Lever, LLP, White Plains, NY (John C. Re of counsel), for plaintiff-respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated September 13, 2016. The order denied the defendant's motion, inter alia, to vacate a judgment of foreclosure and sale of the same court entered May 26, 2015, upon her failure to answer the complaint.
ORDERED that the order dated September 13, 2016, is affirmed, with costs.
The plaintiff commenced this action by filing a summons and complaint on April 4, 2014. The defendant failed to appear or answer the complaint, and the plaintiff moved for a default judgment and an order of reference. In March 2015, the Supreme Court granted the plaintiff's motion without opposition. On May 26, 2015, the court entered a judgment of foreclosure and sale, and the subject property was sold at auction on September 28, 2015.
By order to show cause entered June 6, 2016, the defendant moved, inter alia, to vacate the judgment of foreclosure and sale, set aside the sale, and dismiss the complaint on the ground, inter alia, that she was never served with the summons and complaint. In an order entered September 13, 2016, the Supreme Court denied the defendant's motion, and the defendant appeals from that order.
A process server's affidavit of service constitutes prima facie evidence of proper service (see HSBC Bank USA, N.A. v Daniels, 163 AD3d 639, 640; Nationstar Mtge., LLC v Dekom, 161 AD3d 995, 996; Summitbridge Credit Invs., LLC v Wallace, 128 AD3d 676, 677; JPMorgan Chase Bank, N.A. v Todd, 125 AD3d 933). "Although a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by a process server's affidavit and necessitates an evidentiary hearing, no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits" (Deutsche Bank Natl. Trust Co. v Quinones, 114 AD3d 719, 719 [internal quotation marks omitted]; see Nationstar Mtge., LLC v Dekom, 161 AD3d at 996; Bank of N.Y. v Samuels, 107 AD3d 653, 653-654). Affix and mail service pursuant to CPLR 308(4) may be used only where service under CPLR 308(1) by personal delivery or CPLR 308(2) by delivery to a person of suitable age and discretion cannot be made with [*2]due diligence (see CPLR 308[4]; Nationstar Mtge., LLC v Dekom, 161 AD3d at 996; Deutsche Bank Natl. Trust Co. v White, 110 AD3d 759, 759-760; Estate of Waterman v Jones, 46 AD3d 63, 65). "As a general matter, the due diligence requirement may be met with a few visits on different occasions and at different times to the defendant's residence or place of business when the defendant could reasonably be expected to be found at such location at those times" (Nationstar Mtge., LLC v Dekom, 161 AD3d at 996 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v White, 110 AD3d at 760; Estate of Waterman v Jones, 46 AD3d at 65).
Here, the plaintiff submitted an affidavit of the process server, which demonstrated that three visits were made to the defendant's residence, on different days, at different times of the day when the defendant could reasonably have been expected to be found at home, but the process server was unable, "with due diligence to find the defendant or a person of suitable age and discretion." The process server also described the means she used to verify the defendant's residential address, namely, that she spoke with a neighbor who stated that the defendant lived at that address. The process server also described her unsuccessful attempt to ascertain the defendant's place of employment, in that she asked the same neighbor, who was "unable to divulge the defendant's place of employment" (see Nationstar Mtge., LLC v Dekom, 161 AD3d at 996). Accordingly, the affidavit constituted prima facie evidence that the due diligence requirement was satisfied (see id.; JP Morgan Chase Bank, N.A. v Baldi, 128 AD3d 777, 777-778). The affidavit also constituted prima facie evidence that the process server properly affixed a copy of the summons and complaint to the door of the defendant's residence, and mailed a copy to the residence by first class mail (see Nationstar Mtge., LLC v Dekom, 161 AD3d at 996-997). Contrary to the defendant's contention, she failed to rebut the presumption of proper service arising from the process server's affidavit.
We agree with the Supreme Court's denial, without a hearing, of that branch of the defendant's motion which sought relief pursuant to CPLR 317. CPLR 317 permits a defendant who has been served with a summons and complaint other than by personal delivery to defend the action upon a finding by the court that the defendant did not personally receive notice of the summons and complaint in time to defend and has a potentially meritorious defense (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141; Citimortgage, Inc. v Finocchiaro, 131 AD3d 503, 504; Wassertheil v Elburg, LLC, 94 AD3d 753, 754; Matter of Rockland Bakery, Inc. v B.M. Baking Co., Inc., 83 AD3d 1080, 1081). However, "to support a determination granting relief under CPLR 317, a party must still demonstrate, and the Court must find, that the party did not receive actual notice of the summons and complaint in time to defend the action" (Wassertheil v Elburg, LLC, 94 AD3d at 754 [internal quotation marks omitted]; see CPLR 317; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d at 142; Clover M. Barrett, P.C. v Gordon, 90 AD3d 973; 393 Lefferts Partners, LLC v New York Ave. at Lefferts, LLC, 68 AD3d 976, 977; Marinoff v Natty Realty Corp., 17 AD3d 412, 413). "The mere denial of receipt of the summons and complaint is insufficient to establish lack of actual notice for the purpose of CPLR 317" (Wassertheil v Elburg, LLC, 94 AD3d at 754 [internal quotation marks omitted]; see Bank of N.Y. v Samuels, 107 AD3d 653, 654; Matter of Rockland Bakery, Inc. v B.M. Baking Co., Inc., 83 AD3d at 1081-1082; Levine v Forgotson's Cent. Auto & Elec., Inc., 41 AD3d 552). Here, though the defendant stated in her affidavit in support of the motion that she "did not learn about the litigation at the time of its commencement," she failed to assert any facts as to when she received actual notice of the action. Since the defendant merely denied receipt of the summons and complaint, she failed to make the requisite showing that she did not receive actual notice of the summons and complaint in time to defend the action (see Citimortgage, Inc. v Finocchiaro, 131 AD3d at 504; Wassertheil v Elburg, LLC, 94 AD3d at 754). In light of the foregoing, it is unnecessary to determine whether the defendant demonstrated the existence of a potentially meritorious defense for the purposes of CPLR 317 (see Stevens v Stepanski, 164 AD3d 935, 938; Xiao Lou Li v China Cheung Gee Realty, LLC, 139 AD3d 724, 726).
" A judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and all matters of defense which were or which might have been litigated in the foreclosure action are concluded'" (83-17 Broadway Corp. v Debcon Fin. Servs., Inc., 39 AD3d 583, 584-585, quoting Gray v Bankers Trust Co. of Albany, N.A., 82 AD2d 168, 170-171; see NAB Asset Venture IV, LLP v Orangeburg Equities, 19 AD3d 565; New Horizons [*3]Invs. v Marine Midland Bank, 248 AD2d 449). Since the defendant has failed to establish that she is entitled to an order vacating her default in appearing or answering the complaint and setting aside the judgment of foreclosure and sale, she is precluded from raising defenses which could have been litigated in the foreclosure action, including the plaintiff's alleged failure to comply with the notice provisions of RPAPL 1304 (see Deutsche Bank Natl. Trust Co. v Lopez, 148 AD3d 475; 476 PHH Mtge. Corp. v Celestin, 130 AD3d 703, 704). The other defenses argued in the defendant's brief are not properly before this Court, as they are raised for the first time on appeal (see Hudson City Sav. Bank v Bomba, 149 AD3d 704, 706; PHH Mtge. Corp. v Celestin, 130 AD3d at 704).
AUSTIN, J.P., ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court