Vanderbilt Mtge. & Fin., Inc. v Palmore-Archer (2019 NY Slip Op 08595)





Vanderbilt Mtge. & Fin., Inc. v Palmore-Archer


2019 NY Slip Op 08595


Decided on November 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2016-13153
 (Index No. 9171/12)

[*1]Vanderbilt Mortgage and Finance, Inc., respondent,
v
Gail Palmore-Archer, appellant, et al., defendants.


Gail Palmore-Archer, East Elmhurst, NY, appellant pro se.
Greenspoon Marder, LLP, New York, NY (Jason Silver of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Gail Palmore-Archer appeals from an order of the Supreme Court, Queens County (Howard G. Lane, J.), entered October 13, 2016. The order granted the plaintiff's motion pursuant to RPAPL 221 for a writ of assistance directing the Queens County Sheriff to put the plaintiff into possession of the mortgaged property.
ORDERED that the order is affirmed, with costs.
"Under the doctrine of res judicata, a final adjudication of a claim on the merits precludes relitigation of that claim and all claims arising out of the same transaction or series of transactions by a party or those in privity with a party" (Sancar Mgt. v OneWest Bank, FSB, 165 AD3d 1306, 1307 [internal quotation marks omitted]). "[A] judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and all matters of defense which were or which might have been litigated in the foreclosure action are concluded" (Taron Partners, LLC v McCormick, 173 AD3d 927, 930 [internal quotation marks omitted]; see 83-17 Broadway Corp. v Debcon Fin. Servs., Inc., 39 AD3d 583, 584-585; NAB Asset Venture IV, LLP v Orangeburg Equities, 19 AD3d 565, 565).
Here, the issues raised by the appellant on appeal were or could have been raised prior to the issuance of the judgment of foreclosure and sale in this action, and are therefore precluded as a matter of res judicata by that judgment (see Ciraldo v JP Morgan Chase Bank, N.A., 140 AD3d 912, 913; Chemical Bank v McGill, 262 AD2d 131, 131).
Accordingly, we affirm the order appealed from.
ROMAN, J.P., MILLER, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court