Almonte v Palma (2024 NY Slip Op 51005(U))

[*1]

Almonte v Palma

2024 NY Slip Op 51005(U)

Decided on August 5, 2024

Supreme Court, Westchester County

Giacomo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 5, 2024
Supreme Court, Westchester County

Luis Almonte, LUMAL REALTY, LLC and AVAAR, ADVISORY GROUP, INC., Plaintiffs,

against
Medardo A. Palma, a/k/a MERDARDO ANTHONY PALMA, 24 WB REALTY CORP., VICTOR ABREU, GRENACHE HOLDINGS CORP., SOUTHBRIDGE RE, LLC, LENDINGHOMES FUNDING, CORP., HUNTER FOOTE, JOHN DOE AND JANE DOE, et al., Defendants.

Index No. 50899/2019 

Attorney for Plaintiffs: 
Jeffrey D. Buss, Esq.
Smith, Buss & Jacobs, LLP
733 Yonkers Avenue, Suite 200
Yonkers, New York 10704
(914) 476-0600
Attorneys for Defendant Anjali Properties Inc.: 
Joyce A. Davis, Esq. 
Fidelity National Law Group
711 Third Avenue, 8th Floor
New York, New York 10017
(646)432-8590

William J. Giacomo, J.

In this underlying action, plaintiffs seek to recover an interest in a Property located at 6 Crest Place, Elmsford, New York (Property), by rescission of the deeds and vacating and [*2]discharging the mortgage. In motion sequence 015, defendant Anjali Properties Inc. (Anjali) moves pursuant to CPLR 3211(a) (1) and (7) and the doctrine of res judicata, for an order dismissing the Complaint in this matter with prejudice to the extent the claims seek to challenge or impact Anjali's interests as the owner of Property, and for a judgment declaring that Anjali is the rightful owner of the Property and that plaintiffs hold no right, title or interest in the Property. 
Papers Considered NYSCEF DOC NO. 484-503
1. Notice of Motion/Memorandum of Law/Affirmation of Joyce A. Davis, Esq./Exhibits A-P/Affidavit of Roy K. Thannikal
FACTUAL AND PROCEDURAL BACKGROUND
The Court assumes the familiarity with the record. The facts related to the claims have been set forth in prior decisions/orders thus far issued in Mot. Seqs. 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14 by this court, as well as those rendered by the Hon. Gerald E. Loehr, the Hon. Joan Lefkowitz, and the Hon. Lawrence H. Ecker. The pertinent issues are as follows: Plaintiffs allege in their complaint that on or prior to November 20, 2015, plaintiff Luis Almonte (Almonte) loaned to defendants, Victor Abreu (Abreu) and Medardo A. Palma, a/k/a Merdardo Anthony Palma (Palma) the sum of $220,000 in connection with the sale the Property. Plaintiffs allege that it was understood that the borrowers were taking title to the Property in Palma's closely held corporation, Avaar Advisory Group, Inc. (Avaar); as security for the loan Abreu and Palma pledged all the shares of stock in Avaar, delivering all the shares to Almonte. Palma and Abreu "signed over one hundred percent ownership of Avaar to Almonte, the ownership in Avaar to remain with Almonte until the promissory note and mortgage was paid in full." Complaint, ¶ 27. Almonte has the original stock certificate giving him full ownership of Avaar. Id., ¶ 29. Although "Almonte is in possession of the original promissory note and mortgage signed by the defendants, Palma and Abreu allegedly "convinced Almonte not to record the mortgage, in an effort to avoid mortgage taxes." Id., ¶ 28. The complaint states that Avaar purchased the Property on November 20, 2015, with the borrowed funds. Thereafter, on July 12, 2017, Avaar borrowed $160,000 from Southbridge, and gave Southbridge a mortgage on the Property to secure same. The Mortgage was executed by Palma purporting to be the President of Avaar. Subsequently, on July 26, 2017, Palma, again claiming to be the President and Secretary of Avaar, executed and delivered a Deed on behalf of Avaar transferring title to the Property to Grenache. In July 2017, Grenache allegedly borrowed $246,000 from ABL One, LLC to finance the purchase and with the proceeds of the aforementioned mortgage, satisfied the July 12, 2017 Mortgage from Avaar to Southbridge. By Deed dated January 30, 2018, Grenache transferred the Property to Southbridge, a related corporation, which financed the transaction with a Mortgage loan in the amount of $320,000 from LendingHome. 
The record indicates that on December 30, 2019, LendingHome filed a separate commercial foreclosure action involving the Premises. Plaintiffs were served with process in this action but never appeared. The court subsequently issued a Default Judgment and Judgment of Foreclosure and Sale, whereby the Premises was to be sold at a public auction. The premises was sold at a public auction on January 21, 2022, which was seven days after the notice of pendency expired, to the highest bidder—Nicole Stern (Stern). The Referee's report of sale indicates that Stern assigned her interest in the Premises to Kiavi Properties, Inc. (Kiavi). The [*3]record also indicates that by deed dated July 6, 2022, Kiavi conveyed title to the Premises to Anjali. None of these parties had been timely joined in the present litigation. Plaintiffs commenced this action on January 15, 2019 asserting nine causes of action. Plaintiffs subsequently moved for summary judgment on their second, fifth and ninth causes of action; namely, setting aside the July 26, 2017, conveyance of the Premises from Avaar to Grenache and declaring that all subsequent conveyances and mortgages are null and void on the basis that Palma had no legal right to execute documents on Avaar's behalf. Defendants also moved for either summary judgment or dismissal.
Pursuant to a Decision and Order dated June 12, 2023, this Court denied plaintiffs' motion and ordered plaintiffs to serve Nicole Stern, Kiavi Properties, Inc. and Anjali Properties, Inc., within thirty days of notice of entry of this Order. In opposition to plaintiffs' motion, this Court found that defendants raised a triable issue of fact as whether the 2017 Deed is void as questions of fact remain as to whether Palma had the apparent authority to act on Avaar's behalf. This Court noted that Almonte also failed to protect his ownership interests in the Property; he did not record the $220,000 mortgage, file a UCC-1 financing Statement, take steps consistent with ownership such as filing a corporate tax return or appear in the foreclosure proceedings. Further, although Almonte stated that he is the owner of Avaar, he also testified that he held the stock certificate as collateral, to guaranty that Palma and Abreu would pay back the loan. 
The moving defendants' motions were also denied, except that Grenache and Southbridge were granted dismissal of the first cause of action. In brief, the Court found that plaintiffs submitted sufficient evidence in opposition to raise a triable issue of fact as to whether a reasonably prudent purchaser would have made more inquiries on any prior interest in the Premises. 
This Court considered defendants' arguments that the complaint must be dismissed, as plaintiffs failed to join all the parties necessary to the litigation, including the current owner. The Court also noted that plaintiffs did not explain why they failed to appear in the Foreclosure action, which lasted approximately two years. However, this Court held that, under the circumstances, Stern, Kiavi and Anjali Properties are necessary parties to any action concerning the ownership of the Premises. 
Defendants then moved to reargue/renew the Court's June 12, 2023 decision and order. Plaintiff did not oppose their motions. By decision and order dated December 6, 2023, this Court denied the motions. The Court held that, in support of their motions to reargue, defendants repeated earlier arguments and did not demonstrate that the court had overlooked or misapprehended any matter of fact or law in rendering the prior determination. Further, Grenache and Southbridge did not provide any new facts to support a motion to renew.
Instant Action
After being joined as a defendant, Anjali, the current record owner of the Property, now moves to dismiss the complaint to the extent the claims seek to challenge or impact its interests as the owner of the Property. Anjali argues that plaintiffs' challenges to its ownership interest are barred by the doctrine of res judicata, as the Judgment of Foreclosure and Sale extinguished plaintiffs' claims to the property. As noted above, by decision and order dated November 4, 2020, the Honorable Joan B. Lefkowitz granted a default judgment and judgment of foreclosure and sale. The Order stated, in relevant part, that it is further "Ordered, Adjudged and Decreed that the Defendants in this action, all persons claiming through them, and any person obtaining an interest in the property after the filing of the Notice of Pendency are barred and foreclosed of [*4]all right, claim, lien, title, and interest in the property after the sale of the mortgage property."
By order dated October 26, 2021, after holding a virtual status conference where the named defendants, including the instant plaintiff herein, failed to appear, the Court permitted the Referee to proceed with the sale. On January 21, 2022, the Referee held a public auction offering the Property for sale to the highest bidder. Anjali notes that by this date, there was no record of any notice of the instant action, as the notice of pendency filed by plaintiffs in the instant action expired on January 6, 2022. Stern, the highest bidder, assigned it to Kiavi Properties, who ultimately conveyed the Property to Anjali by deed dated July 8, 2022. 
According to Anjali, although plaintiff had the opportunity to challenge the validity of the 2017 Deed, he failed to do so. For example, plaintiff allegedly could have sought an order staying the underlying claims in this action pending the foreclosure, or otherwise answered or appeared. Instead, plaintiffs defaulted, and the property was ultimately sold by the Referee and then transferred to Anjali. 
Anjali also argues that if res judicata does not preclude plaintiffs' claims, the claims should still be dismissed because Almonte's property interest is an unrecorded mortgage and because Anjali is a bona fide purchaser for value. Anjali asserts that its ownership interests are protected. The President and sole shareholder of Anjali affirms that it purchased the property from Kiavi in arm's length transaction for valuable consideration, in good faith and without knowledge of the alleged fraud or other issues as alleged by plaintiffs. For instance, Anjali states that none of the records reflected plaintiffs' claims to the Property as the notice of pendency in connection with the action expired. As a result, plaintiffs' claims, which seek to void the 2017 Deed and all subsequent deeds and encumbrances to the Property, must be dismissed.
Notably, there is also no opposition to this motion. 

 DISCUSSION
I. Dismissal
A motion to dismiss a complaint pursuant to CPLR 3211 (a) (1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint, "conclusively establishing a defense as a matter of law." Endless Ocean, LLC v Twomey, Latham, Shea, Kelley, Dubin & Quartararo, 113 AD3d 587, 588 (2d Dept 2014). On a motion to dismiss pursuant to CPLR 3211 (a) (7), "the facts as alleged in the complaint [are] accepted as true, the plaintiff is [given] the benefit of every possible favorable inference," and the court must determine simply "whether the facts as alleged fit within any cognizable legal theory." Mendelovitz v Cohen, 37 AD3d 670, 671 (2d Dept 2007). However, "bare legal conclusions as well as factual claims flatly contradicted by the record are not entitled to any such consideration." Silverman v Nicholson, 110 AD3d 1054, 1055 (2d Dept 2013) (internal quotation marks and citation omitted). 
Pursuant to CPLR 3211 (a) (5), in pertinent part, a party may move to dismiss on the ground that a cause of action may not be maintained because of res judicata or collateral estoppel. "Under the doctrine of res judicata, a party may not litigate a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter. The rule applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation." Matter of Singer v Windfield, 125 AD3d 666, 667 (2d Dept 2015).
"The doctrine of collateral estoppel, a narrower species of res judicata, precludes a party [*5]from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same." Karakash v Trakas, 163 AD3d 788, 789 (2d Dept 2018) (internal quotation marks and citations omitted). The doctrine of collateral estoppel applies where "[f]irst, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from relitigating the issue . . . had a full and fair opportunity to contest the prior determination." Simmons-Grant v Quinn Emanuel Urquhart & Sullivan, LLP, 116 AD3d 134, 138 (1st Dept 2014) (internal quotation marks and citation omitted). "[T]he burden rests upon the proponent of collateral estoppel to demonstrate the identicality and decisiveness of the issue." Matter of Press, 30 AD3d 154, 156 (1st Dept 2006) (internal quotation marks and citation omitted).
The Appellate Division, Second Department has held that "[u]nder New York's transactional analysis approach to res judicata, once a claim is brought to a final conclusion, all other claims . . . are barred, even if based upon different theories or if seeking a different remedy." 83-17 Broadway Corp. v DebCon Fin. Servs., Inc., 39 AD3d 583, 584 (2d Dept 2007) (internal quotation marks omitted). Moreover, "a judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and all matters of defense which were or which might have been litigated in the foreclosure action are concluded." Id. at 584-585. Lastly, as relevant herein, "a judgment by default which has not been vacated is conclusive for res judicata purposes." Id. at 585. 
Although Anjali was not a party in the foreclosure action, this Court agrees that collateral estoppel, which is a "narrower species" of res judicata, acts to bar plaintiffs' claims against Anjali in the instant action. The instant action involves the same property, and, in substance, the same claims as the foreclosure action. Specifically, in this action, plaintiff asserts claims to the Property and alleges that he is the rightful owner as the subsequent deed transfers were void. The Court in the foreclosure action also addressed the ownership interests in the Property. Plaintiff was a named defendant in the foreclosure action but failed to appear or answer the complaint, nor did he raise any claim or interest in the property. Although plaintiff could have raised claims of fraud or deed rescission, or even ask for a consolidation or stay, he failed to do so. As a result of the order and judgment, the Property was sold. The order and judgment extinguished plaintiff's claim to the property, and he never moved to vacate this default. Further, by the time of the sale, Anjali had no notice of plaintiff's claimed property interest. It is undisputed that the notice of pendency on the property had expired, and plaintiff did make an effort to renew it. 
In sum, the claims in the instant action as against Anjali are those that were and/or could have been raised in the prior foreclosure action which resulted in a judgment of foreclosure and sale, and are now barred by the doctrine of res judicata. Thus, Anjali is the rightful owner of the Property and plaintiffs hold no right, title, or interest in the Property. 
As plaintiffs' claims to ownership of the Property as against Anjali are precluded by res judicata, the Court need not address the remaining arguments.

 CONCLUSION
Accordingly, it is hereby
ORDERED that Anjali Properties Inc.'s motion to dismiss the complaint is granted, and the complaint is dismissed with costs and disbursements to said defendant as taxed by the Clerk upon the submission of an appropriate bill of costs; and it is further
ORDERED that the Clerk is directed to enter judgment accordingly.
Dated: August 5, 2024
White Plains, New York
HON. WILLIAM J. GIACOMO, J.S.C.